UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADAMA JAMMEH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HNN ASSOCIATES, LLC, et al., <br><br> Defendants. | CASE NO. C19-0620JLR <br><br> ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT |

## I. INTRODUCTION

Before the court is Plaintiffs Adama Jammeh and Oumie Sallah's (collectively, "Plaintiffs") motion for leave to file a second amended class action complaint, which seeks to (1) add William Wojdak—the allegedly controlling principle of Defendant Columbia Debt Recovery, LLC, d/b/a Genesis ("Columbia")—as a defendant, (2) add a claim under the Washington Landlord Tenant Act, RCW ch. 59.18, and (3) bring class allegations on behalf of two classes of Washington residents who were former tenants of apartments managed by Defendant HNN Associates, LLC ("HNN") and who paid

various move-out charges to HNN or its collection agency Columbia. (*See* Mot. (Dkt. # 12); *see also* Praecipe (Dkt. # 15) (attaching corrected Ex. B to Mot.).) Defendants HNN, Gateway, LLC ("Gateway"), and Columbia (collectively, "Defendants") failed to timely file an opposition to Plaintiffs' motion. (*See generally* Dkt.) The court has considered the motion, the submissions filed in support of the motion, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS Plaintiffs' motion for leave to file a second amended class action complaint. The court ORDERS Plaintiffs to file their proposed second amended complaint (*see* Mot., Ex. A) within seven (7) days of the filing date of this order. The court also DIRECTS the Clerk to file a schedule for the motion for class certification.

## II. BACKGROUND

Plaintiffs are sisters who co-signed a lease on rental property in which Ms. Jammeh lived with her children. (FAC (Dkt. # 1-5) ¶¶ 4.10-4.12.) Gateway owned the property, and HNN managed it. (*Id.* ¶¶ 3.2-3.3.) Approximately four months into the lease, HNN and Gateway evicted Plaintiffs for reasons Plaintiffs allege are pretextual and immaterial. (*See id.* ¶¶ 4.23-4.33.) HNN and Gateway then allegedly declared Plaintiffs' security deposit forfeited and claimed additional fees, which Plaintiffs dispute. (*See id.* ¶¶ 4.34-4.61.) HNN then referred Plaintiffs' account to Columbia for collections. (*See id.* ¶¶ 4.62-4.71.) Plaintiffs assert that Mr. Wojdak controls Columbia. (Mot. at 1.)

//

---

[1] Plaintiffs did not request oral argument (*see* Mot.), and the court does not consider oral argument to be helpful to its disposition of this unopposed motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

Plaintiffs filed their complaint in King County Superior Court on March 7, 2019, and filed a first amended complaint on April 25, 2019, which added a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962, *et seq.* (*See* Compl. (Dkt. # 1-1); FAC (Dkt. # 3 at 51-71).) On April 26, 2019, Defendants removed the action to federal court on the basis of 28 U.S.C. §§ 1331 and 1441(c). (Not. of Removal (Dkt. # 1).) Plaintiffs did not oppose removal. (*See generally* Dkt.)

On June 14, 2019, the court issued a scheduling order setting July 12, 2019, as the deadline for joining additional parties, and April 16, 2020, as the deadline for amending pleadings. (Sched. Order (Dkt. # 9) at 1.) Thus, Plaintiffs' July 12, 2019, motion seeking to add a defendant and amend the allegations of their first amended complaint is timely. (*See id.*; *see also* Mot.) As of the date Plaintiffs filed their motion, no party has taken any depositions or engaged in formal written discovery beyond providing the required initial disclosures under Federal Rule of Civil Procedure 26(a). (Leonard Decl. (Dkt. # 13) ¶ 2.)

Nevertheless, Plaintiffs assert that the documents HNN produced in informal discovery on May 10, 2019, "reveal[] specific ways that HNN and Gateway . . . engaged in practices that violate[] the Residential Landlord Tenant Act[, RCW ch. 59.18,] along with the Washington Consumer Protection Act [("CPA"), RCW ch. 19.86]." (Mot. at 2 (citing Leonard Decl. ¶¶ 3-5).) Plaintiffs also assert that these documents and further investigation revealed the basis for class action allegations on behalf of two classes of Washington residents. The two proposed classes are based on (1) the conduct of HNN and Gateway, and (2) Columbia's debt collection practices. (*Id.* at 2-3.) Finally, Plaintiffs assert that initial disclosures and independent investigation reveal the basis for

individual allegations against Mr. Wojdak based on his control of the conduct and practices of Columbia. (*Id.* at 3-4 (citing Leonard Decl. ¶¶ 6-14, Exs. B-I).)

## III. ANALYSIS

### A. Standard of Review

A party may amend its complaint with leave of court, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). These factors do not carry equal weight, however, and prejudice is the touchstone of the analysis. *See id.* It is also proper for courts to deny leave to amend if the amendment would be futile or the amended complaint would be dismissed. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008). The party opposing the amendment bears the burden of showing why leave to amend should be denied. *See, e.g.*, *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013).

### B. No Delay

"In evaluating whether there has been undue delay, the Court must consider 'whether the moving party knew or should have known the facts and theories raised by the amendment' at an earlier time." *Dunbar v. Google, Inc.*, No. 5:12-cv-003305-LHK,

2012 WL 6202797, at *12 (N.D. Cal. Dec. 12, 2012). As discussed above, Plaintiffs only recently learned of the bases for their proposed amendments. (*See* Leonard Decl. ¶¶ 3-14, Exs. B-I.) Further, Plaintiffs' motion is timely under the scheduling order. (*See* Sched. Order at 1 (setting July 12, 2019, as the deadline for joining additional parties, and April 16, 2020, as the deadline for amending pleadings).) The court concludes that this factor favors permitting the proposed amendments.

**C.    No Bad Faith**

Bad faith occurs when "the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). The operative facts that form the basis of Plaintiffs' claims remain substantially the same. Plaintiffs seek to add only (1) a legal claim based on the Residential Landlord Tenant Act, RCW ch. 59.18, (2) an individual defendant who is the chief executive officer of and allegedly controls the conduct and policies of one of the business defendants, and (3) class allegations for two classes of former tenants. The court can detect no bad faith. This factor weighs in favor of permitting the proposed amendments.

**D.    No Undue Prejudice**

Plaintiffs' proposed amendment cause no undue prejudice to Defendants. This case is in its earliest stages. Discovery is just beginning, and at the time the motion was filed, no party had propounded written discovery requests or taken any depositions. (Leonard Decl. ¶ 2.) Discovery will not close until June 15, 2020. (Sched. Order at 1.) As a result, Plaintiffs' proposed amendments should not cause unwarranted delays in the

case schedule. Further, because the case is in its earliest stages, the court can conceive of no undue prejudice to Mr. Wojdak by adding him as a defendant now. Indeed, courts have permitted similar amendments at much later litigation stages. *See, e.g.*, *Dunbar*, 2012 WL 6202797, at *16 (permitting an amendment of the class definition in part because the defendant would not suffer undue prejudice even though class discovery had closed in part because merits discovery remained open). Finally, Defendants' lack of response confirms the court's conclusion that they will suffer no prejudice by permitting the proposed amendments. *See* Local Rules W.D. Wash. LCR 7(b)(2) ("[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."). This factor weighs in favor of permitting the amendments.

**E.    No Futility**

A proposed amendment is futile only if the amended complaint would be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). *See, e.g.*, *Abels v. JBC Legal Grp., P.C.*, 229 F.R.D. 152, 157 (N.D. Cal. 2005) (granting leave to amend to add a defendant to a proposed class action under the FDCPA). The court perceives no basis for dismissal of the proposed class allegations or the Residential Landlord Tenant Act, RCW ch. 59.18, claim on grounds of inadequate pleading. Defendants' failure to file a response to Plaintiffs' motion supports this conclusion. *See* Local Rules W.D. Wash. LCR 7(b)(2).

With respect to Mr. Wojdak, a corporate officer may be personally liable under both the FDCPA, 15 U.S.C. § 1692, *et seq.*, and the CPA, RCW ch. 19.86. Under the

FDCPA, a debt collector includes any individual who "regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be due another." 15 U.S.C. § 1692a(6); *Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 999 (9th Cir. 2012). In making this determination, courts consider whether the individual "(1) materially participated in collecting the debts at issue; (2) exercised control over the affairs of the business; (3) [was] personally involved in the collection of the debt at issue; or (4) [was] regularly engaged, directly or indirectly, in the collection of debts." *Smith v. Levine Leichtman Capital Partners, Inc.*, 723 F. Supp. 2d 1205, 1214 (N.D. Cal. 2010) (citing *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1073 (E.D. Cal. 2008)). Under the CPA, it is well-settled that "[i]f a corporate officer participates in the wrongful conduct, or with knowledge approves of the conduct, then the officer, as well as the corporation, is liable for the penalties." *State v. Ralph Williams' N. W. Chrysler Plymouth, Inc.*, 553 P.2d 423, 439 (Wash. 1976). Here, Plaintiffs allege in their proposed amended complaint that Mr. Wojdak exercises control over Columbia, and has implemented, adopted, and ratified the collection practices at issue. (*See* Prop. 2d Am. Compl. (Dkt. # 15-1) ¶¶ 1.4, 3.7, 4.42-4.43, 5.4(j), 6.29.) The court concludes that this factor weighs in favor of permitting the amendments.

**F.     Previous Amendments**

"The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *See Allen v. City of Beverly H*ills, 911 F.2d 367, 373 (9th Cir. 1990) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). This is not a situation, however, where a plaintiff repeatedly

tries and fails to cure pleading deficiencies. Instead, the allegations Plaintiffs propose are new allegations based on Defendants' initial disclosures and resulting investigation. *See, e.g.*, *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1183 (9th Cir. 2016) (granting the plaintiff an additional opportunity to amend the complaint, despite three prior amended complaints, because the plaintiff pleaded new legal theories not previously challenged). Thus, Plaintiffs' prior amended complaints do not weigh against permitting the amendment here.

## IV. CONCLUSION

Because the court freely gives leave to amend when justice so requires, and the relevant factors favor permitting the requested amendments, the court GRANTS Plaintiffs' motion for leave to file a second amended class action complaint (Dkt. # 12). The court ORDERS Plaintiffs to file their second amended complaint within seven (7) days of the filing date of this order. The court also DIRECTS the Clerk to file a schedule for the motion for class certification.

Dated this 15th day of October, 2019.

JAMES L. ROBART
United States District Judge