THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ADAMA JAMMEH and OUMIE SALLAH, on behalf of themselves and others similarly situated,<br><br>                         Plaintiffs,<br><br>        v.<br><br>HNN ASSOCIATES, LLC, GATEWAY, LLC, COLUMBIA DEBT RECOVERY, LLC, d/b/a GENESIS CREDIT MANAGEMENT, LLC, and WILLIAM WOJDAK,<br><br>                         Defendants. | NO. 2:19-cv-00620 JLR<br><br>**SECOND AMENDED COMPLAINT FOR CLASS ACTION AND DAMAGES**<br><br>**JURY DEMAND** |

## I.  INTRODUCTION

1.1     Affordable rental housing is in high demand in the Seattle area. This tight rental market results in profitable business opportunities for landlords. The landlord's market power is further enhanced by the knowledge that any former tenant, especially a low-income tenant, will have extreme difficulty finding new housing if a prior landlord claims past amounts due from that tenant. This power disparity attracts predators willing to abuse the market advantage they have over tenants, inflate amounts claimed as owed, create false amounts owed, deceive tenants into paying money they do not owe, and violate state and federal law in the process.

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 1
CASE NO. 2:19-CV-00620 JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

1.2    Plaintiff Adama Jammeh rented an apartment at the Gateway Apartments in Everett, Washington. Her sister, Plaintiff Oumie Sallah co-signed the lease. Despite consistently paying their rent in full and on time, they were given a 3-day notice to quit for allegedly making an inaccurate, but immaterial, statement on their tenant application. The landlord then ignored their repeated requests for a "move-out inspection." They nonetheless vacated their home in a clean state and in good condition.

1.3    More than a month after the eviction, Plaintiffs were notified that they had forfeited their entire security deposit, and they were presented with a demand for additional payment for alleged repairs, lost rent, and interest. These charges were fabricated, exaggerated, and unlawful. Nonetheless, Plaintiffs paid several thousand dollars to avoid the risk of having a derogatory report from a landlord appear on their credit reports, because such a report would make it very difficult for Ms. Jammeh and her children from finding new housing.

1.4    The defendants in this lawsuit are (1) Columbia Debt Recovery, LLC, dba Genesis Credit Management ("Columbia") - the collection agency that demanded unlawful amounts upon move-out and interest on those amounts; (2) William Wojdak, the individual who controls Columbia's collection policies and collection processes; and (3) HNN Associates, LLC ("HNN"), and Gateway, LLC ("Gateway") - the landlord and its related property management company that originated the unlawful charges. These defendants all worked together to wrongfully collect money they were not owed from both the Plaintiffs and the members of the classes they seek to represent.

1.5    The Defendants' conduct is not unique. It is part of a common means by which Washington property management and debt collection companies victimize low income tenants. Plaintiffs bring this action on behalf of themselves and of proposed Classes of similarly situated individuals to enjoin Defendants' unfair and deceptive conduct, and unlawful collection activities. Plaintiffs seek to recover the wrongful charges, and the wrongful interest on those

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 2
CASE NO. 2:19-CV-00620 JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

charges that Defendants collected from them and from other members of the classes. Plaintiffs further ask that the Court order Defendants to pay the penalties provided under the respective statutes Defendants violated so as to deter such conduct from continuing.

## II. JURISDICTION AND VENUE

2.1     This Court has jurisdiction over Defendants and the claims in this action under 28 U.S.C. §§ 1331 and 1367. Defendants removed this action from King County Superior Court to the District Court pursuant to 28 U.S.C. §§ 1331 and 1441.

2.2     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b)(2), in that a substantial part of the events giving rise to the claim occurred in this judicial district.

## III. PARTIES

3.1     Plaintiffs were residents of Washington at all times relevant to this complaint.

3.2     Defendant Gateway is a Washington limited liability company, located at 10900 NE 8th Street, Suite 1200, Bellevue, Washington. It owns the Gateway Apartments located at 13105 21st Dr. SE, Everett, Washington where Ms. Jammeh lived between from September 28, 2017 until February 5, 2018. The Gateway Apartments are a multi-unit housing complex providing housing for low income tenants.

3.3     Defendant HNN is a Washington limited liability company. Like Gateway, it is located at 10900 NE 8th Street, Suite 1200, Bellevue, Washington. Pursuant to a contract with Gateway, HNN manages the Gateway Apartments. In that role, HNN acts as an agent for Gateway and has no powers or authority greater than its principal. HNN manages over two dozen multi-unit properties, many of them intended for use by low-income tenants.

3.4     The current governors of both HNN and Gateway are Evan Hunden, Phil Nored and Thomas Neubauer.

3.5     At relevant times, HNN was an agent for, and managed the Gateway Apartments where Ms. Jammeh resided from September 28, 2017 to February 5, 2018 under a lease that was

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 3
CASE NO. 2:19-CV-00620 JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

co-signed by Ms. Sallah. HNN acted as the de facto landlord, controlling review and approval of tenant applications, leasing Gateway apartments, collecting rent, making eviction decisions, conducting the maintenance and repair of apartments and other duties typically performed by a landlord.

3.6    Defendant Columbia, doing business under both the names Columbia and Genesis, is a Washington limited liability company with offices in Bellevue and Everett, Washington. Columbia is engaged in soliciting claims for collection and in collecting or attempting to collect claims owed or due or asserted to be owed or due to another person. Columbia holds a Washington state Collection Agency License for its location in Bellevue and a Collection Agency Branch license for its office in Everett. Its collection activities in Washington are governed by the Washington Collection Agency Act, chapter 19.16 RCW ("CAA"), and it is registered as a "collection agency" with the State of Washington.

3.7    William Wojdak is an individual who controls the policies and practices of Columbia. Wojdak is responsible for and oversees the collection practices of Columbia employees. On information and belief, Wojdak also owns and otherwise does business under the names Genesis Credit Management, LLC, Rowland Avenue Management, Inc., Rowland Avenue, LLC, Right Ventures, LLLP, and Eviction Prevention Services, LLC.

3.8    Columbia and HNN operate under agreements whereby HNN assigns accounts to Columbia for collection. HNN works in concert with Columbia to determine the amounts owed on each account and reviews and approves the amounts Columbia collects on HNN accounts.

## IV.  FACTUAL ALLEGATIONS

### A.    Plaintiff Becomes a Gateway Tenant

4.1    Adama Jammeh is a single mother of five children, all under the age of twelve. She is not disclosing her precise current address and location because she is a victim of domestic violence and her former partner and abuser, Sarjo Sonko still poses a danger to her. To the best of Ms.

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 4
CASE NO. 2:19-CV-00620 JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

1  Jammeh's knowledge, she and Mr. Sonko were never legally married under the laws of the

2  United States or the State of Washington though they were apparently married *in abstentia* in her

3  native Gambia.

4       4.2    In 2017, Ms. Jammeh moved to Washington to escape Mr. Sonko's abuse. She

5  has received help from Domestic Violence Services to protect her safety and that of her children.

6       4.3    Ms. Jammeh had difficulty securing housing for herself and her children. She

7  found that there were few suitable options available that would rent to a single mother with five

8  children at a rental rate that she could afford, even with assistance.

9       4.4    On September 28, 2017, Ms. Jammeh and Ms. Sallah agreed to a lease with HNN

10 to move into the Gateway Apartments. Ms. Sallah co-signed the lease, but only Ms. Jammeh and

11 her children lived at the Gateway apartment.

12      4.5    All of Ms. Jammeh's and Ms. Sallah's communications with property

13 management for the Gateway Apartments were with employees or agents of HNN. With a few

14 limited exceptions not relevant here, the lease, along with various attachments, was presented to

15 Plaintiffs on a take it or leave it basis.

16      4.6    In order to be approved for the lease, Plaintiffs had to post a $700 security deposit

17 with HNN. The Lease stated that the Security Deposit was intended to cover damages, beyond

18 normal wear and tear, and any unpaid rent, options, charges, fees or services, including damages

19 resulting from non-performance of any of the conditions of the Lease Agreement.

20      4.7    On or about September 28, 2017, as part of the move-in process, Ms. Jammeh

21 participated in a move-in inspection with an apartment manager. After the inspection was

22 completed, the manager provided Plaintiffs with a copy of a Move-In/Move-Out Inspection

23 Form, with the "Move-In Inspection" column completed and signed.

24      4.8    The Move-In/Move-Out Inspection Form did not comply with the requirements of

25 RCW 59.18.260 in that the statute requires a checklist or statement "specifically describing the

26

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 5
CASE No. 2:19-CV-00620 JLR

1  condition and cleanliness of or existing damages to the premises and furnishings, including, but

2  not limited to, walls, floors, countertops, carpets, drapes, furniture, and appliances …" The form

3  HNN used only listed rooms in general and did not specifically describe the condition or

4  cleanliness of anything. On information and belief, this is the same standard form that HNN uses

5  for all tenants in the rental properties that it manages in Washington.

6  **B.    HNN Terminates Ms. Jammeh's Tenancy**

7         4.9     From September 28, 2017 until January 24, 2018, Ms. Jammeh and her children

8  peaceably lived in their apartment without complaints from either neighbors or apartment

9  management, and timely paid their rent in full each month.

10        4.10    On January 24, 2018, an HNN representative served Plaintiffs with a 3-Day

11 Notice to Quit their apartment. The Notice stated that Ms. Sallah did not disclose that her sister

12 had an absent spouse at the time of application. The Notice also stated that the tenancy would

13 terminate January 29, 2018, and if they did not move out, they would be judicially evicted.

14        4.11    Even if Ms. Jammeh was legally married (which is in doubt), Plaintiffs' failure to

15 disclose this absent spouse was not willful, and was not a material, repeated, or serious violation

16 of a term of her lease, and did not harm HNN or Gateway. Neither Plaintiff actually believed Mr.

17 Sanko to be Ms. Jammeh's legal spouse. Nevertheless, if the tenant application included

18 erroneous information, it could have been corrected.

19        4.12    Ms. Jammeh and Ms. Sallah did not believe there was any good reason for

20 eviction, but fearing for Ms. Jammeh and her children's safety, and concerned about the impact

21 that an eviction lawsuit would have on Ms. Jammeh's and Ms. Sallah's credit and future chances

22 to find housing, Ms. Jammeh had little choice but to move out as HNN demanded.

23        4.13    HNN's apartment manager agreed to allow Ms. Jammeh to stay in her apartment

24 until February 5, 2018, which is when she vacated and relinquished possession of the apartment.

25

26

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 6
CASE NO. 2:19-CV-00620 JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

1  4.14   Ms. Jammeh cleaned the apartment, ensuring that all appliances were in working

2  condition, and that the apartment was in at least as good a condition as it had been when she

3  moved in four months earlier.

4  4.15   Prior to moving out, Ms. Jammeh repeatedly attempted to arrange a move-out

5  inspection and walkthrough with HNN management for the purpose of confirming that she had

6  not damaged her apartment and was leaving it clean. Despite numerous requests, the HNN

7  apartment manager did not make herself available for a joint move-out inspection.

8  4.16   On information and belief, HNN employs a common practice of avoiding a joint

9  move-out inspection before each of their tenants vacates one of HNN's apartments.

10  **C.   HNN Charges Unlawful and Exaggerated Move-Out Fees**

11  4.17   On February 5, 2018, Ms. Jammeh and her children moved out of the Gateway

12  Apartments and began the search for new housing.

13  4.18   Sometime shortly after March 9, 2018, Plaintiffs received a letter dated March 9,

14  2018 on HNN letterhead, stating that Ms. Jammeh and Ms. Sallah owed $3,286.58. The letter

15  directed Plaintiffs to remit payment to Genesis Credit Management.

16  4.19   The Statement, accompanying the March 9, 2018 letter included an accounting of

17  the purported debits on Plaintiffs' account with Gateway Apartments. Among other things, it

18  included duplicate utility charges, charges for damage that Ms. Jammeh disputed was accurate or

19  necessary, and a $700 charge for "Forfeited security."

20  4.20   RCW 59.18.280 provides, in pertinent part:

> (1) Within twenty-one days after the termination of the rental agreement and vacation of the premises . . . the landlord shall give a full and specific statement of the basis for retaining any of the deposit together with the payment of any refund due the tenant under the terms and conditions of the rental agreement.
>
> (2) If the landlord fails to give such statement together with any refund due the tenant within the time limits specified above he or she shall be liable to the tenant for the full amount of the deposit. . .

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 7
CASE No. 2:19-CV-00620 JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

.The court may in its discretion award up to two times the amount of the deposit for the intentional refusal of the landlord to give the statement or refund due. In any action brought by the tenant to recover the deposit, the prevailing party shall additionally be entitled to the cost of suit or arbitration including a reasonable attorneys' fee.

4.21    Plaintiffs' tenancy agreement was terminated by HNN and Gateway effective February 5, 2018 when Ms. Jammeh vacated the Gateway Apartments. HNN kept Plaintiffs' full security deposit, but did not provide a "full and specific" statement of its basis for retaining the deposit within twenty-one days. Even when it finally provided a statement, the entire statement of the basis for retaining the deposit consisted of nothing more than the following:

"02/05/2018    Forfeited deposit    $700"

4.22    Along with its letter, HNN enclosed a "Move-out Statement" and a completed "Move-In/Move-Out Inspection Form." A true and correct copy of that letter and its enclosures is attached as <u>Exhibit 1</u>.

4.23    In the version Plaintiffs received in March, 2018, the Move-out Inspection column was completed and dated February 6, 2018. *See* Exhibit 1. Plaintiffs were not provided a copy of the completed form until it came with the March 9, 2018 letter from HNN.

4.24    The Move-out Statement included claims for future rent not justified under the lease, and claims totaling $1,397.00 for alleged damages to the apartment, including $625.00 for a full repaint, $200.00 for cleaning, $250.00 for carpet cleaning and several other repairs. Additional charges on the Move-out Statement were dated as being incurred on March 1, 2018.

4.25    Ms. Jammeh disagreed that the damages listed on the Move-In/Move-Out Inspection Form (and incorporated into the Move-out Statement) were accurate or that the repairs were necessary. She would have disputed the charges if given an opportunity to do so in the joint move-out inspection she requested.

4.26    HNN's charges in the Move-In/Move-Out Inspection Form were not legitimate. The apartment had no damage beyond normal wear and tear at the time she moved out. It did not

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 8
CASE NO. 2:19-CV-00620 JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

1  require additional cleaning, carpet cleaning, or a full painting. HNN's charges were either

2  unnecessary or exaggerated. On information and belief, HNN routinely charges departing tenants

3  for unnecessary and unjustified cleaning and repairs.

4      4.27    HNN also back dated entries on the "Move-out Statement." The Statement

5  contained numerous charges that were dated "2/5/2018," including items listed on the February

6  6, 2018 Move-In/Move-Out Inspection Form. Even if the Move-In/Move-Out Inspection Form

7  was completed on February 6, 2018, the charges could not have possibly been incurred by HNN

8  on the date indicated on the "Move-out Statement." Moreover, the evidence HNN used to

9  support its damage charges appear to have been further back-dated, as work was completed

10  significantly later than February 6.

11      4.28    Beginning in March 2018, Columbia attempted to collect the alleged debt from

12  both Ms. Jammeh and Ms. Sallah. Ms. Jammeh received a collection letter from Columbia (using

13  the name Genesis), dated March 22, 2018, stating that Ms. Jammeh owed a principal balance of

14  $3,286.58 and $48.62 in interest. The letter stated that the original creditor was Gateway and that

15  the debt was placed for collections on March 21, 2018. The letter did not give a date of last

16  payment, show the apartment number the account was in reference to, or provide any

17  information on charges and fees added by the original creditor. A true and correct copy of the

18  letter is attached as Exhibit 2.

19      4.29    The $48.62 in interest claimed in the March 22, 2018 letter is the amount of

20  interest that would accrue on principle of $3,268.58 for the period of February 5, 2018 to March

21  22, 2018 at the rate of 12% simple interest per annum. In other words, Defendants added interest

22  on the entire claimed principle, starting from the day Plaintiffs vacated the apartment until the

23  date the March 22, 2018 letter was sent. This was despite the fact that at least some (and likely

24  all) of the charges, even if proper, had not been incurred until well after February 5, 2018.

25

26

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 9
CASE NO. 2:19-CV-00620 JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

4.30    After receiving the collection letter from Columbia, Ms. Jammeh called Columbia and disputed the debt. A Columbia representative refused to remove the balance on the account or return her damage deposit of $700.00.

4.31    Throughout April and May 2018, Columbia agents called Ms. Sallah repeatedly to try and collect the disputed debt.

4.32    On or about May 25, 2018, Plaintiffs paid $2,629.26 to Columbia to settle the disputed account. Though they disputed the charges, Plaintiffs paid Columbia so that the alleged debt would not be reflected on a credit report which, among other things, could prevent Ms. Jammeh from obtaining new housing for herself and her children. Columbia touts, and is well known for its aggressive tactics against debtors. It boldly states on one of the main pages of its website, www.genesiscred.com, "All consumers are reported to all major credit bureaus."

4.33    Ms. Jammeh was not able to find permanent housing for herself and her children until October 10, 2018. She and her children remained homeless for much of that time and were forced to spend many nights in various shelters.

**D.    The Defendants' Uniform Scheme for Charging Unlawful Move-out Fees**

4.34    HNN manages low income apartment complexes that are in high demand, and typically have prospective tenants on waiting lists.

4.35    HNN has a common practice of forfeiting the security deposit of tenants it has forced to vacate by terminating their tenancy. Investigation undertaken by Plaintiffs, public interest groups, and other entities has shown that HNN has deemed the full security deposit forfeited for numerous former tenants without specific justification.

4.36    To generate still more revenue, HNN commonly charges vacating tenants for damages that are exaggerated or even fabricated.

4.37    On information and belief, HNN's common practice is to have its managers avoid a walk through apartment inspection with vacating tenants, so that HNN can unilaterally

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 10
CASE NO. 2:19-CV-00620 JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

1  complete the move-out portion of the inspection report without the departing tenant having any

2  opportunity to dispute or document items that HNN will later claim as damaged.

3      4.38   HNN regularly forwards its claims for inflated move-out charges to Columbia for

4  collection. Former HNN tenants from whom Columbia demands payment frequently dispute

5  HNN's claims and Columbia knows that these claims cannot be taken at face value. HNN and

6  Columbia have nevertheless agreed that Columbia will systematically pursue these claims for

7  their mutual financial benefit even though the claims may be fabricated.

8      4.39   HNN and Columbia exploit the fact that even tenants who dispute fabricated

9  damage or lost rent claims will likely pay rather than run the risk of becoming homeless because

10  of a negative tradeline on their credit report about a prior tenancy.

11      4.40   Unless HNN is enjoined from engaging in the unfair and deceptive practices

12  described above, numerous Washington residents will be harmed.

13  **E.    Columbia's Debt Collection Practices**

14      4.41   Columbia is owned and controlled by William Wojdak in his capacity as the

15  President and CEO of Columbia and Governor of Rowland Avenue Management, Inc., which, in

16  turn, is listed as the only governing person of Columbia.

17      4.42   Wojdak sets, approves, and controls the collection policies and procedures that

18  Columbia employs in its day to day operations.

19      4.43   Wojdak reviews and approves the actions of Columbia collection agents and is

20  ultimately responsible for all collection decisions made at Columbia.

21      4.44   Columbia advertises that it specializes in collections for the "Multi-Family

22  Industry," and that it provides Executive Account Managers that "can provide solutions for your

23  business that will increase collectibles," and that is specializes in Apartment Lease Collection.[1]

24  Columbia also advertises that "All consumers are reported to all major credit bureaus"; "Debtors

25  

26  ─────────────────────
[1] *See* www.genesiscred.com/management/ (last visited July 3, 2019).

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 11
CASE NO. 2:19-CV-00620 JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

1  are pursued anywhere in the United States"; and, that it employs "Experienced professionals –

2  trained in leases and Landlord Tenant law." *Id.*

3       4.45   HNN uses Columbia as its debt collector for all or virtually all of the debts it

4  claims in Washington State.

5       4.46   In collecting the accounts referred by HNN, Columbia collects and attempts to

6  collect interest, fees and amounts not legally due.

7       4.47   Based on the volume of former tenant disputes referred by HNN, Columbia

8  knows, or should know, that it cannot reasonably rely on HNN's representations regarding

9  apartment damages and other move-out charges, and that it should not attempt to collect these

10  accounts without documentation or other means of verification.

11       4.48   Columbia has a pattern and practice of reporting or threatening to report alleged

12  balances past due on HNN accounts to credit reporting agencies.

13       4.49   Columbia, along with the other Defendants, know that the community of low-

14  income tenants at whom this scheme is aimed are particularly susceptible because a prospective

15  tenant with an unpaid rent claim on his or her credit report will have difficulty finding a landlord

16  willing to rent them a new apartment.

17                 **V.  CLASS ACTION ALLEGATIONS**

18       5.1   Pursuant to Fed. R. Civ. P. 23, Plaintiffs bring this case on behalf of themselves and of Classes

19  defined as follows:

20             **HNN CLASS**:  All former tenants of an HNN managed property in
21             Washington against whom HNN

22             (1) collected a deposit or security without providing a move-in
23             checklist that complies with the requirements of RCW 59.18.260;
            and/or

24             (2) retained all or part of a security deposit without providing a
25             statement of its basis for retaining the deposit in the time and manner
            required by RCW 59.18.280; and/or

26

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 12
CASE NO. 2:19-CV-00620 JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

(3) assessed additional fees based on a Move-Out inspection without allowing the tenant the opportunity to be present at the inspection or to dispute HNN's inspection findings.

**COLUMBIA CLASS**: All members of the HNN Class from whom Columbia collected, or attempted to collect the move-out charges referred by HNN and/or charged interest on claimed amounts that were calculated from a time before the amounts had become liquidated.

The defining events of each class shall date back to March 7, 2015. Excluded from the Classes is any entity in which one or more Defendants has a controlling interest, officers or directors of Defendants, this Court and any employees assigned to work on this case, and all employees of the law firms representing Plaintiffs and the Classes.

5.2 **Numerosity**. HNN manages multiple low-income apartment complexes in the State of Washington, and uses Columbia nearly exclusively to collect debts it claims to be owed by former tenants. It has been reported that HNN manages approximately 3,800 rental units. On information and belief, there are several hundred people in each of the proposed Classes.

5.3 Defendants HNN and Columbia each retain databases and other documentation of the debts each claims and attempts to collect that can be used to ascertain all members of each Class. Further, each Class definition describes a set of common and objective characteristics sufficient to allow a member of that group to identify himself or herself as having a right to recover.

5.4 **Commonality and Predominance**. Defendants' conduct is based on their respective standard practices. As such, they raise common issues that predominate over individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy. There exist questions of law and fact common to Plaintiffs and the proposed Classes, including but not limited to:

a. Whether HNN and/or Gateway has a systemic practice of not providing a full and specific statement of the reasons for retaining all or part of security deposits;

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 13
CASE NO. 2:19-CV-00620 JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

1    b.    Whether HNN and/or Gateway has a systemic practice of failing to refund

2  tenant security deposits within the time limit set by RCW 59.16.280;

3    c.    Whether HNN and/or Gateway has a systemic practice of adding inflated

4  or false charges for tenants who have vacated its properties;

5    d.    Whether HNN and/or Gateway has a systemic practice of refusing to give

6  tenants an opportunity to observe a Move-Out inspection and to dispute the HNN or Gateway's

7  findings;

8    e.    Whether HNN and/or Gateway systemically fails to give tenants itemized

9  statements of the condition of the units it rents to tenants in the time frame and manner required

10 under RCW 59.18.260 and RCW 59.18.280;

11    f.    Whether HNN is entitled to charge tenants for rent accruing after the unit

12 has been vacated where HNN terminated the lease agreement for reasons other than the

13 nonpayment of rent;

14    g.    Whether HNN and/or Gateway's conduct described above violates the

15 Washington Consumer Protection Act;

16    h.    Whether Columbia seeks to collect amounts referred by HNN that are not

17 legally due;

18    i.    Whether Defendants demand interest on move-out charges calculated from

19 the date the rental unit was vacated, rather than from the date the amounts actually accrued;

20    j.    Whether Wojdak is liable for Columbia's or Wojdak's collection policies

21 and practices because he has created, implemented, controlled, adopted or ratified those policies

22 and practices;

23    k.    Whether Columbia's conduct violates the Washington Collection Agency

24 Act;

25

26

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 14
CASE NO. 2:19-CV-00620 JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

1        l.        Whether Columbia's and Wojdak's conduct violates the Federal Fair Debt

2  Collection Practices Act;

3        m.        The extent to which Defendants have worked in concert to impose

4  exaggerated or false charges described above and to seek to collect on those alleged debts; and

5        n.        The nature and extent of Class-wide injury and the measure of

6  compensation for such injury.

7        5.5    **Typicality**. Plaintiffs' claims are typical of each Class. Plaintiffs' claims, like the

8  claims of each Class, arise out of the same common course of conduct, are subject to uniform

9  policies, and are based on the same legal and remedial theories. The overcharges, interest and

10  lost rent that Defendants imposed and collected or attempted to collect were calculated in

11  materially the same way for both the Plaintiffs and the proposed Classes.

12        5.6    **Adequacy of Representation**. Plaintiffs are appropriate representative parties for

13  the Classes and will fairly and adequately protect the interests of the Classes. Plaintiffs

14  understand and are willing to undertake the responsibilities of acting in a representative capacity

15  on behalf of the proposed Classes. Plaintiffs will fairly and adequately protect the interests of the

16  Classes and have no interests that directly conflict with interests of either Class. Plaintiffs have

17  retained competent and capable attorneys who are experienced trial lawyers with significant

18  experience in complex and class action litigation, including consumer class actions. Plaintiffs

19  and their counsel are committed to prosecuting this action vigorously on behalf of the Classes

20  and have the financial resources to do so.

21        5.7    **Superiority**. Plaintiffs and Class members have suffered harm and damages as a

22  result of Defendants' unlawful and wrongful conduct. Absent a class action, however, most Class

23  members likely would find the cost of litigating their claims prohibitive. Class treatment is

24  superior to multiple individual suits or piecemeal litigation because it conserves judicial

25  resources, promotes consistency and efficiency of adjudication, provides a forum for small

26

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 15
CASE NO. 2:19-CV-00620 JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

claimants, and deters illegal activities. The Class members are readily identifiable from Defendants' records, and there will be no significant difficulty in the management of this case as a class action.

5.8    **Injunctive Relief**. Defendants' conduct is uniform to all members of each Class. Defendants have acted or refused to act on grounds that apply generally to the Classes, so that final injunctive relief or declaratory relief is appropriate with respect to the Classes as a whole.

## VI.  CLAIMS

### FIRST CAUSE OF ACTION

**Violation of Washington's Collection Agency Act (RCW 19.16 et seq.)**
***Per Se* violation of the Washington Consumer Protection Act**
**RCW 19.86 et seq.**
**(Defendant Columbia)**

6.1    Plaintiffs reallege and incorporate by reference all allegations set forth above.

6.2    Pursuant to RCW 19.16.440, a collection agency that violates the Prohibited Practices section of the Collection Agency Act ("CAA"), RCW 19.16.250 has committed unfair and deceptive trade practices for purposes of application of the CPA.

6.3    As alleged herein, in; (1) collecting and threatening to collect unlawful move-out fees; (2) adding unlawful or exaggerated interest charges; and, (3) threatening Plaintiffs with impairment of their credit ratings, Columbia violated multiple provisions of RCW 19.16.250, and thereby engaged in *per se* violations of the CPA.

6.4    The move-out fees allegedly owed to Defendants are each "claims" as defined by RCW 19.16.100(2) because they are "obligation[s] for the payment of money or thing of value arising out of any agreement or contract, express or implied."

6.5    Plaintiffs are each a "debtor" as defined by RCW 19.16.100(7) because Columbia has alleged that they owed or owe a "claim."

6.6    The CAA prohibits a collection agency from communicating with a debtor or

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 16
CASE NO. 2:19-CV-00620 JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

anyone else in such a manner as to harass, intimidate, threaten, or embarrass a debtor, including communication with unreasonable frequency. RCW 19.16.250(13).

6.7     The CAA prohibits a collection agency from communicating with a debtor and representing or implying that the existing obligation of the debtor has been increased by the addition of any fees or charges that cannot be legally added to the obligation. RCW 19.16.250(15).

6.8     The CAA prohibits a collection agency from threatening to take any action against a debtor which the licensee cannot legally take at the time the threat is made. RCW 19.16.250(16).

6.9     The CAA prohibits a collection agency from collecting or seeking to collect interest and fees not legally due. RCW 19.16.250(21).

6.10    Columbia violated RCW 19.16.250(13), (15), (16) and (21) when it repeatedly communicated to Plaintiffs that they owed amounts not legally due and interest or fees on those amounts not legally due.

6.11    Columbia threatened to take actions it cannot legally take when it threatened that credit ratings would be impaired if former tenants did not pay the claims allegedly owed based on the move-out fees and alleged rent due.

6.12    Pursuant to RCW 19.16.450, because Columbia engaged in prohibited practices in violation of RCW 19.16.250, neither Columbia nor any other party is entitled to recover any interest, service charges, attorneys' fees, collection costs, or any other fees or charges that might otherwise be owed, other than the amount of the original obligation.

6.13    Columbia's actions harmed Plaintiffs financially and forced them to pay amounts not legally due.

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 17
CASE NO. 2:19-CV-00620 JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

1   6.14    Columbia's unfair and deceptive acts repeatedly occurred in its trade or business

2   and were capable of deceiving a substantial portion of the public and, indeed, already injured

3   hundreds of Washington residents.

4   6.15    Columbia's unfair and deceptive acts and practices affect the public interest.

5   6.16    There is a likelihood that Columbia's practices will injure other members of the

6   Washington public, particularly since Columbia continues to attempt to collect and does collect

7   unlawful move-out fees from Washington consumers.

8

9
## SECOND CAUSE OF ACTION

### Violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq.
### (Defendants Columbia and Wojdak)

10

11   6.17    Plaintiffs reallege and incorporate by reference each and every allegation set forth

12   in the preceding paragraphs.

13   6.18    The Fair Debt Collection Practices Act ("FDCPA") is a strict liability statute.

14   6.19    The FDCPA prohibits debt collectors from using any false, deceptive or

15   misleading representation or means in connection with the collection of any debt. 15 U.S.C. §

16   1692e.

17   6.20    The FDCPA prohibits a debt collector from making a false representation of the

18   character, amount, or legal status of a debt. 15 U.S.C. § 1692e(2)(A).

19   6.21    The FDCPA prohibits a debt collector from threatening to take any action that

20   cannot be legally taken. 15 U.S.C. § 1692e(5).

21   6.22    The FDCPA prohibits a debt collector from communicating or threatening to

22   communicate to any person credit information that the debt collector knows or should know is

23   incorrect. 15 U.S.C. § 1692e(8).

24   6.23    The FDCPA prohibits a debt collector from using any false representations or

25   deceptive means to collect or attempt to collect any debt. 15 U.S.C. § 1692e(10).

26

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 18
CASE NO. 2:19-CV-00620 JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

6.24    The FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect any alleged debt. 15 U.S.C. § 1692f.

6.25    The FDCPA prohibits a debt collector from attempting to collect any amount not authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1).

6.26    Plaintiffs are each "consumers" under the FDCPA because Columbia alleges that they were obligated to pay a debt relating to Gateway and HNN. 15 U.S.C. § 1692a(3).

6.27    The money that Columbia and Wojdak alleged Plaintiffs owed is a "debt" under the FDCPA because it was an alleged obligation to pay money arising out of a transaction that was primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

6.28    Columbia is a "debt collector" under the FDCPA because it uses the mails in its business the principal purpose of which is the collection of debts, and because it regularly collects or attempts to collect, directly or indirectly, debts owed or due another. 15 U.S.C. § 1692a(6).

6.29    Mr. Wojdak is a "debt collector" under the FDCPA because he created, controlled, supervised, implemented, adopted and ratified the collection policies and practices of Columbia that are in issue in this lawsuit, including, but not limited to, the practice of calculating interest on move-out charges from the date a rental unit was vacated, and accepting, without question, the amounts stated by HNN to be due on tenant move-out charges. Therefore, directly or indirectly, he used the mails in its business the principal purpose of which is the collection of debts, and regularly collected or attempted to collect debts owed or due another. 15 U.S.C. § 1692a(6).

6.30    Each letter Columbia and Wojdak sent Plaintiffs and each phone call COLUMBIA had with each Plaintiff is a "communication" under the FDCPA because Columbia was conveying information regarding a debt directly or indirectly to Plaintiffs. 15 U.S.C. § 1692a(2).

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 19
CASE NO. 2:19-CV-00620 JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

6.31    Columbia and Wojdak violated 15 U.S.C. §§ 1692e, e(2), e(5), e(10) by communicating to Plaintiffs that they owed amounts that they did not owe.

6.32    Columbia and Wojdak violated 15 U.S.C. 1692f and 1692f(1) by collecting and attempting to collect amounts Plaintiffs did not owe.

6.33    Columbia and Wojdak violated 15 U.S.C. § 1692 e(8) by threatening to report false negative information to each Plaintiff's credit report.

6.34    Plaintiffs incurred actual and statutory damages as a result of Columbia's and Wojdak's violations of the FDCPA.

6.35    Plaintiffs are entitled to legal relief against Columbia and Wojdak, including recovery of actual damages, statutory damages, attorneys' fees, costs of suit, and such further relief as the Court may deem proper.

**THIRD CAUSE OF ACTION**
**Violation of the Consumer Protection Act RCW 19.86 et seq.**
**(All Defendants)**

6.36    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

6.37    Plaintiffs and Defendants are each "persons" within the meaning of the Washington Consumer Protection Act. RCW 19.86.010(1).

6.38    Defendants conduct "trade" and "commerce" within the meaning of the Washington Consumer Protection Act. RCW 19.86.010(2).

6.39    The conduct described above and throughout this Complaint is unfair and deceptive within the meaning of the Washington Consumer Protection Act. RCW 19.86.010, et. seq.

6.40    HNN and Gateway engaged in unfair and deceptive acts or practice in the conduct of their business, including:

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 20
CASE NO. 2:19-CV-00620 JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

1        a.      Charging Plaintiffs and class members unlawful fees and interest on those

2 fees;

3        b.      Forcing Plaintiffs and class members to vacate their apartments, and then

4 retaining their respective security deposits; and

5        c.      Refusing to allow Plaintiffs or class members to be present during move-

6 out inspections and charging false or exaggerated amounts as tenant damages.

7        6.41    Columbia and Wojdak have engaged in unfair and deceptive acts or practices in

8 the conduct of its business, including:

9        d.      Collecting or attempting to collect sums from Plaintiffs and class members

10 that are fabricated or exaggerated;

11       e.      Collecting or attempting to collect interest on charges that were backdated

12 as having accrued at an earlier time;

13       f.      Collecting interest on amounts for time before the charges accrued to

14 HNN;

15       g.      Threatening Plaintiffs and class members with impairment of their credit

16 ratings if they did not pay the move-out fees and rent not owed.

17       6.42    Defendants' systematic practice of fabricating move-out charges and collecting or

18 attempting to collect on these charges is unfair and deceptive because this act or practice is

19 immoral, unethical, oppressive, and/or unscrupulous. The unfairness of this conduct is

20 exacerbated by the fact that Defendants' victims are typically low income tenants who are

21 especially vulnerable because the fact that they have a dispute with a former landlord will make

22 it difficult to find new housing in what is already a tight rental marked.

23       6.43    Defendants' common courses of conduct have occurred in trade or commerce,

24 within the meaning of the Washington Consumer Protection Act, RCW 19.86.010(2) and RCW

25 19.86.020 and were and are capable of injuring a substantial portion of the public.

26

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 21
CASE NO. 2:19-CV-00620 JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

6.44    Defendants' unfair and deceptive acts or practices impact the public interest because they have injured Plaintiffs and class members and have the capacity to injure hundreds of other Washington residents.

6.45    Defendants' acts or practices deceptively and unfairly induced Plaintiffs and class members to pay money that they did not owe to avoid the risk of being sued and/or the purported debt being reported on their credit reports.

6.46    The Washington Supreme Court has recognized the public policy significance of regulating the debt collection industry and has specifically found that the business of debt collection affects the public interest, and collection agencies are subject to strict regulation to ensure they deal fairly and honestly with alleged debtors.

6.47    As such, Defendants' general course of conduct is injurious to the public interest. Moreover, this conduct is ongoing and has a substantial likelihood of being repeated.

6.48    As a direct and proximate result of Defendants' unfair and deceptive acts or practices, Plaintiffs and members of each Class have each suffered an injury in fact and lost money. Defendants' conduct has injured Plaintiffs' property in that Defendants' conduct induced Plaintiffs and Class members to pay Defendants for a claim that they did not owe. Defendants' conduct further injured Ms. Jammeh's property in that Defendants' conduct caused her to become homeless for approximately eight months.

6.49    Plaintiffs and the Classes are therefore entitled to legal relief against Defendants, including recovery of actual damages, treble damages, attorneys' fees, costs of suit, and such further relief as the Court may deem proper

6.50    Plaintiffs and the Classes are also entitled to injunctive relief in the form of an order prohibiting Defendants from engaging in the alleged misconduct and such other equitable relief as the Court deems appropriate.

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

1

**FOURTH CAUSE OF ACTION**

2

**Violations of the Residential Landlord Tenant Act, RCW 59.18.010, *et seq*.**
**(Defendants HNN and Gateway)**

3

6.51    Plaintiffs reallege and incorporate by reference each and every allegation set forth

4

in the preceding paragraphs.

5

6.52    RCW 59.18.260 provides, in pertinent part,

6

No [security] deposit may be collected by a landlord unless the

7

rental agreement is in writing and a written checklist or statement
specifically describing the condition and cleanliness of or existing

8

damages to the premises and furnishings, including, but not limited
to, walls, floors, countertops, carpets, drapes, furniture, and

9

appliances, is provided by the landlord to the tenant at the
commencement of the tenancy. The checklist or statement shall be

10

signed and dated by the landlord and the tenant, and the tenant shall
be provided with a copy of the signed checklist or statement. No

11

such deposit shall be withheld on account of normal wear and tear
resulting from ordinary use of the premises. . . .If the landlord

12

collects a deposit without providing a written checklist at the
commencement of the tenancy, the landlord is liable to the tenant

13

for the amount of the deposit, and the prevailing party may recover
court costs and reasonable attorneys' fees.

14

15

6.53    The written checklist that HNN commonly uses, and used in Plaintiffs' case, does

16

not include items expressly required by RCW 59.18.260. Accordingly, HNN is liable to

17

Plaintiffs for amount of the deposit and Plaintiffs' attorneys' fees and costs of suit.

18

6.54     RCW 59.18.280 provides, in pertinent part:

19

20

(1) Within twenty-one days after the termination of the rental

21

agreement and vacation of the premises . . . the landlord shall give a
full and specific statement of the basis for retaining any of the

22

deposit together with the payment of any refund due the tenant under
the terms and conditions of the rental agreement.

23

(2) If the landlord fails to give such statement together with any

24

refund due the tenant within the time limits specified above he or
she shall be liable to the tenant for the full amount of the deposit. . .

25

.The court may in its discretion award up to two times the amount
of the deposit for the intentional refusal of the landlord to give the

26

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 23
CASE NO. 2:19-CV-00620 JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

statement or refund due. In any action brought by the tenant to recover the deposit, the prevailing party shall additionally be entitled to the cost of suit or arbitration including a reasonable attorneys' fee.

6.55    HNN terminated Plaintiffs' tenancy agreement, and their apartment was vacated effective, February 5, 2018. HNN forfeited Plaintiffs' security deposit and did not provide Plaintiffs a statement giving its basis for retaining the deposit until, at the earliest, shortly after March 9, 2018. Even then, the statement regarding retaining the entire security deposit was not "full and specific." As is its common practice, the entire statement of the basis for retaining the deposit consisted of the following:

**02/05/2018    Forfeited deposit    $700**

6.56    HNN did not comply with the statutory time limits, or the content of the notice required by RCW 59.18.280 in Plaintiffs' case or in the case of all members of the HNN Class. Accordingly, HNN is liable for the full amount of the deposit plus two times that amount as a statutory penalty and Plaintiffs' attorneys' fees and costs of suit.

**FIFTH CAUSE OF ACTION**
**Unjust Enrichment**
**(All Defendants)**

6.57    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

6.58    As a result of the false claims made by Defendants regarding move-out expenses, lost rent and interest, Ms. Jammeh and all Class members paid Defendants money they did not owe. Like others, Ms. Jammeh did this to avoid future problems with renting housing, that would arise if unresolved issues with a prior landlord was reflected on her credit report.

6.59    Payments made included amounts not permitted by law or authorized by contract. Therefore, it would be unjust and inequitable for Defendants to retain any money that Defendants should not have collected from Plaintiffs or from members of the Classes.

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 24
CASE NO. 2:19-CV-00620 JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

6.60    As a result of Defendants' wrongful conduct, each Defendant has been unjustly enriched at the expense of, and to the detriment of Plaintiffs and members of the Classes.

6.61    The financial benefits derived by Defendants rightfully belong to Plaintiffs and members of the Classes. Defendants should be compelled to disgorge in a common fund for the benefit of Plaintiffs and members of the Classes all wrongful or inequitable proceeds it received. A constructive trust should be imposed upon all wrongful or inequitable sums Defendants received that is traceable to Plaintiffs and members of the Classes.

6.62    Plaintiffs and the Class members have no adequate remedy at law.

### SIXTH CAUSE OF ACTION
### Civil Conspiracy
### (All Defendants)

6.63    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

6.64     On information and belief, Columbia and HNN agreed to work together to accomplish the unlawful collection of amounts not legally due from former HNN tenants.

6.65    Defendants' conspiracy harmed Plaintiffs and the members of each Class.

### VII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A.      Actual Damages;

B.      Statutory Damages;

C.      Treble Damages under the CPA;

D.      Double Damages under the RLTA;

E.      Injunctive and declaratory relief declaring Defendants' deceptive and/or unfair acts or practices to be unlawful, and enjoining Defendants from engaging in each of the unfair and deceptive acts set forth herein, including, but not limited to:

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 25
CASE NO. 2:19-CV-00620 JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

1           1.    An order prohibiting HNN or Gateway from collecting or retaining

2    security deposits from residential tenants unless HNN or Gateway fully complies with the

3    requirements of RCW 59.18.260 and .280;

4           2.    An order prohibiting HNN or Gateway from charging any amount for

5    tenant damage to a residential unit, unless they first informed the tenant when the damage

6    inspection will take place and offered the tenant the opportunity to be present during the

7    inspection;

8           3.    An order prohibiting HNN or Gateway from back dating charges from the

9    date the costs associated with the charges are incurred; and

10          4.    An order prohibiting Columbia or Wojdak from collecting or attempting to

11   collect interest on charges from a date that preceded the time the charges were due.

12       F.    Attorneys' fees and costs of suit, including expert-witness fees, and prejudgment

13   interest; and

14       G.    Such other relief the Court deems just and proper.

## VIII.  JURY DEMAND

Plaintiffs demand a trial by jury for all issues so triable.

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 26
CASE NO. 2:19-CV-00620-JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

1    RESPECTFULLY SUBMITTED AND DATED this 16th day of October, 2019.

2                          TERRELL MARSHALL LAW GROUP

3                          By: /s/ Beth E. Terrell, WSBA #26759
                               Beth E. Terrell, WSBA #26759
4                              Email: bterrell@terrellmarshall.com
                               Blythe H. Chandler, WSBA #43387
5                              Email: bchandler@terrellmarshall.com
                               Ari Y. Brown, WSBA #29570
6                              Email: abrown@terrellmarshall.com
                               Brittany J. Glass, WSBA #52095
7                              Email: bglass@terrellmarshall.com
                               936 North 34th Street, Suite 300
8                              Seattle, Washington 98103-8869
                               Telephone: (206) 816-6603
9                              Facsimile: (206) 319-5450
10

11                             Sam Leonard, WSBA #46498
                               Email: sam@seattledebtdefense.com
12                             LEONARD LAW
                               1001 4th Avenue, Suite 3200
13                             Seattle, Washington 98154
                               Telephone: 206-486-1176
14                             Facsimile: 206-458-6028
15

16                             Paul Arons, WSBA #47599
                               Email: lopa@rockisland.com
17                             LAW OFFICE OF PAUL ARONS
                               685 Spring Street, #104
18                             Friday Harbor, Washington 98250
                               Telephone: (360) 378-6496
19                             Facsimile: (360) 378-6498

20                          *Attorneys for Plaintiffs*

21

22

23

24

25

26
     SECOND AMENDED COMPLAINT FOR CLASS              Leonard Law
     ACTION AND DAMAGES - 27                    1001 4th Avenue, Suite 3200
     CASE NO. 2:19-CV-00620 JLR                     Seattle, WA 98154
                                                    Ph (206) 486-1176
                                                    F (206) 458-6028

CERTIFICATE OF SERVICE

I, Beth E. Terrell, hereby certify that on October 16, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Krista L. White, WSBA #8612
Email: kristaw@genesiscred.com
1215 120th Avenue NE, Suite 101
P.O. Box 300
Bellevue, Washington 90009
Telephone: 425 646-1382
Facsimile: (425) 646-1395

Andrew D. Shafer, WSBA #9405
Email: ashafer@sksp.com
SIMBURG KETTER SHEPPARD & PURDY, LLP
999 Third Avenue; Suite 2525
Seattle, Washington 98104
Telephone: (206) 382-2600
Facsimile: (206) 223-3929

*Attorneys for Defendants HNN Associates, LLC, Gateway, LLC, Columbia Debt Recovery, LLC, d/b/a Genesis Credit Management, LLC*

DATED this 16th day of October, 2019.

TERRELL MARSHALL LAW GROUP PLLC

By:    /s/ Beth E. Terrell, WSBA #26759
      Beth E. Terrell, WSBA #26759
      Email:  bterrell@terrellmarshall.com
      936 North 34th Street, Suite 300
      Seattle, Washington 98103
      Telephone: (206) 816-6603
      Facsimile: (206) 319-5450

*Attorneys for Plaintiffs*

SECOND AMENDED COMPLAINT FOR CLASS
ACTION AND DAMAGES - 28
CASE NO. 2:19-CV-00620 JLR

Leonard Law
1001 4th Avenue, Suite 3200
Seattle, WA 98154
Ph (206) 486-1176
F (206) 458-6028

EX. A



03/09/2018

Oumie Sallah, Adama Jammeh
13104 42nd Ave SE
Everett, WA,98208

Thank you for your residency in H2 at Gateway Apartments.

At the conclusion of your residency, there was a balance left owing of $3286.58.  Please refer to the Move Out Statement and the enclosed copy of the Apartment Inspection Report which outline the balance(s) owed to Gateway Apartments.

If you have any questions regarding your move out charges, please contact the Community Manager.

To remit payment for the balance due, please mail your payment to:

Genesis Credit Management
7100 Evergreen Way Suite C
Everett, WA 98203

If you need to make a payment arrangement for the balance due, call 1-866-863-9194.

If you'd like to leave us feedback about your residency, please complete the contact form at lifeisbetterhere.com.

Sincerely,


Gateway Apartments
13105 21st Drive SE
Everett, WA, 98208
live@gatewaywa.com



EX. B

# MOVE-IN/MOVE-OUT INSPECTION FORM

Property Name: Gateway
Resident Name(s): Oumie Sallah and Adama Jammeh
Unit Address: 13105 21st Drive SE #H2, Everett, WA  98208

| Room Or Item | Move-In Date: September 28, 2017 Move In Inspection | Move-Out Date: 2/5/18 Move Out Inspection | Cost to Correct |
|---|---|---|---|
| Living Room/ Dining Room | NEW CARPET / NEW VINYL no damages | Full paint Cleaning drywall repair carpet cleaning replace 5 blinds slats entry very dirty/ replace | $125.50 $20.00 $75.00 $250.00 $10.00 $10.00 |
| Kitchen | NEW VINYL / NEW APPLIANCES no damages | entry door knob replace 4 dirty dnp pan replace missing sink stopper | $30 icl $20.00 $10.00 |
| Bedroom Specify Bedroom #1, 2, 3 or 4 | no damages | master bed: replace 1 blind slat Bed 2: garbage left Bed 3: dent in walls, replace 1 blind slat, clothes left behind Bed 4: replace 1 blind set | $2.00 $2.00 $40.00 |
| Bathroom Specify Bathroom Master or Hall | no damages | Master bath: replace missing shower rod pads Bath 2: towel rack broken, replace Half bath: ok | $2.50 $25.00 |
| Hall/Closets | no damages | stair railings damaged | |
| Deck/Patio/Storage | no damages | entry dirty Replace 1 mail lock Replace key for 4th floor osm | $25.00 $50.00 |
| Smoke Detectors | WORKING | Replace battery pass | |
| Carbon Monoxide Alarms | WORKING | #163849 | $50.00 |
| Number of keys | House # 2   Mail # 2   Other # 1 | House # 2   Mail # 1   Other # 0 | |
| Washer/Dryer | Provided by Management (circle one) Yes or No | | |

FOB = 05609

missing parking pass: 1033847

| Move-In Inspection Results Hereby Accepted | Move-out Inspection Results Hereby Accepted |
|---|---|
| I hereby acknowledge that the above is an accurate statement of the condition of the property at the time of my taking occupancy. I further understand that I shall be required to deliver the property in this same condition at the termination of my tenancy or to pay for any costs to restore the property to its original condition at the time I took possession of the property, normal wear and tear excepted. | Forwarding Address: 13105 21ST Drive SE #112 Everett, WA 98208  Inspection Date: 2/6/18 |
| _____ 9/28/17 | not present |
| (Resident)         Date | (Resident)         Date |
| Hammer 9/28/17 | not present |
| (Resident)         Date | (Resident)         Date |
| _____ 9/28/17 | _____ 2/6/18 |
| (Agent for Landlord)         Date | (Agent for Landlord)         Date |

13104 42nd Ave SE

Everett, WA 98208

EX. C

COLUMBI  DEBT RECOVERY DBA GENESIS
7100 EVERGREEN WAY STE C  EVERETT, WA 9o203
TOLL FREE: 866-863-9194   MONDAY-FRIDAY 8AM TO 5PM PST
MAILING ADDRESS: PO BOX 3630  EVERETT, WA 98213


MARCH 22, 2018

                                        Account#: 0003999401

     JAMMEH,ADAMA
     13104 42ND AVE SE
     EVERETT WA 98208



Original Creditor: GATEWAY
Placed for Collections on: 03/21/18

     Principal Due:      $3286.58
     Interest Due:        $48.62
        Total Due:      $3335.20

Dear ADAMA JAMMEH

Your past due account has been referred to our office for collection. Please
remit payment in full or contact our office to make amicable
arrangements.
Unless you notify this office within 30 days after receiving this notice that
you dispute the validity of this debt or any portion thereof, this office
will assume this debt is valid.  If you notify this office in writing within
30 days from receiving this notice that you dispute the validity of this debt
or any portion thereof, this office will obtain verification of the debt or
a copy of a judgment and mail you a copy of such judgment or verification.
If you request this office in writing within 30 days after receiving this
notice this office will provide you with the name and address of the original
creditor if different from the current creditor.


Sincerely,
COLUMBIA DEBT RECOVERY
Account Representative
866-863-9194


This communication is from a debt collector attempting to collect a debt
and any information obtained will be used for that purpose.
Your account accrues interest at a rate of 012.00 percent per annum.

EX. D

COLUMBIA DEBT RECOVERY DBA GENESIS
7100 EVERGREEN WAY STE C  EVERETT, WA 98203
TOLL FREE: 866-863-9194 MONDAY-FRIDAY 8AM TO 5PM PST
MAILING ADDRESS: PO BOX 3630  EVERETT, WA 98213

MAY 25, 2018

SALLAH,OUMIE
JAMMEH,ADAMA
13104 42ND AVE SE
EVERETT WA 98208

Account#:          0003999401
Original Principle: $3286.58
Interest Due:    $.00
Total Due:    $.00

Original Creditor: GATEWAY
Placed for Collections on: 04/23/18

Dear OUMIE SALLAH

We acknowledge receipt of your final payment in the amount of $2629.26
on the date of   /  /  which settles the account and releases you from
any further liability regarding obligations to original creditor and
COLUMBIA DEBT RECOVERY.

Should you have any further questions, please feel free to contact the
undersigned at 866-863-9194 .

Sincerely,

MISTIE WATERS
Account Representative
866-863-9194

This is an attempt to collect a debt and any information obtained will be
used for that purpose. Your account accrues interest at a rate of 012.00
percent per annum.