UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADAMA JAMMEH, et al.,<br><br>　　　　　　　　　Plaintiffs,<br>　　v.<br><br>HNN ASSOCIATES, LLC, et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. C19-0620JLR<br><br>ORDER DENYING DEFENDANT WILLIAM WOJDAK'S MOTION FOR RECONSIDERATION OF THE COURT'S DISCOVERY RULING |

## I. INTRODUCTION

Before the court is Defendant William Wojdak's motion for reconsideration of the court's January 31, 2020, ruling on Plaintiff's Local Rule 7(i) telephonic motion to compel discovery. (*See* MFR (Dkt. # 42); *see also* Min. Entry (Dkt. # 40); 1/31/20 Hearing Trans. (Dkt. # 41) (sealed)); Local Rules W.D. Wash. LCR 7(i). The court has considered the motion, all submissions filed in support of the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES the motion.

## II. BACKGROUND

On October 15, 2019, the court granted Plaintiffs Adama Jammeh and Oumie Sallah (collectively, "Plaintiffs") leave to amend their complaint to add Mr. Wojdak as a defendant. (10/15/19 Order (Dkt. # 12).) On November 2, 2019, Plaintiffs served Mr. Wojdak with a copy of the Amended Complaint. (*See* MFR at 4.)

On November 13, 2019, Plaintiffs served Mr. Wojdak with discovery requests, including interrogatories and requests for production ("RFPs"). (Mooney Decl. (Dkt. # 42-1) ¶¶ 2-3, Exs. 1-2.) Under the Federal Rules of Civil Procedure, Mr. Wojdak's responses and objections to Plaintiffs' discovery requests were due on December 13, 2019. *See* Fed. R. Civ. P. 33(b)(2) ("The responding party must serve its answers and any objections within 30 days after being served with the interrogatories."); Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request [for production] is directed must respond in writing within 30 days after being served . . . ."); Fed. R. Civ. P. 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons."). Mr. Wojdak did not respond or object to Plaintiffs' discovery requests within the 30-day period provided by the Federal Rules or ask for an extension of time.

On January 29, 2020, Plaintiffs brought a Local Rule LCR 7(i) telephonic discovery motion, asking the court, in part, to compel Mr. Wojdak to respond to their discovery requests "without objection not later than February 7, 2020." (*See* Plf. Ltr. (Dkt. # 38) at 1); *see also* Local Rules W.D. Wash. LCR 7(i). In his opposition to

Plaintiffs' motion, Mr. Wojdak complained that Plaintiffs' discovery requests are "objectionable in [their] entirety as unduly burdensome and harassing," but he did not explain his failure to timely object or make any argument whatsoever that there was good cause for his failure. (Def. Ltr. (Dkt. # 37) at 1-2.) Indeed, he did not reference his failure to object at all. (*See id.*)

On January 31, 2020, the court held a telephonic hearing with the parties. At the hearing, Mr. Wojdak's counsel admitted that he failed to timely provide "official responses and objections" to Plaintiffs' discovery requests. (Hearing Trans. at 3.) The court ruled as follows:

> THE COURT: [I]n this instance, you didn't object, the time period has passed, and, as a result, you've waived your objections. And if that's the case, then I'm ordering you to produce full responses, without objection, to [P]laintiffs' interrogatories and requests for production. So what do you need, 14 days?
>
> MR. MOONEY: I think 14 days would be adequate.
>
> THE COURT: All right.

(*Id.* at 4.)

On February 13, 2020, Mr. Wojdak moved for reconsideration of the court's January 21, 2020, order. (*See generally* MFR.) The court now considers Mr. Wojdak's motion.

### III. ANALYSIS

Motions for reconsideration "are disfavored." Local Rules W.D. Wash. LCR 7(h)(1). Ordinarily, the court will deny such motions in the absence of a showing of (1) "manifest error in the prior ruling," or (2) "new facts or legal authority which could not

have been brought to [the court's] attention earlier with reasonable diligence." *Id*. Mr. Wojdak makes neither showing.

In his motion, Mr. Wojdak asks the court to reconsider a portion of its ruling and permit him to object to Interrogatory Nos. 5 and 6 and RFP No. 4. These discovery requests seek personal financial information, tax returns, and other financial documents (*see* Mooney Decl. ¶¶ 2-3, Ex. 1 at 6, Ex. 2 at 5), which Mr. Wojdak argues is highly personal information and not proportional to the needs of the case (*See* MFR at 2-3).

In support of his argument, Mr. Wojdak relies primarily upon *Kolenc v. Bellizzi*, No. 95 CIV.4494(LMM KNF), 1999 WL 92604, at *3-4 (S.D.N.Y. Feb. 22, 1999). (*See* MFR at 2-3.) In *Kolenc*, the court exercised its discretion to decline to compel discovery even though the producing party had failed to timely object. (*See* MFR at 2-3.) First, *Kolenc* is not a case that Mr. Wojdak could not have brought to the court's attention earlier with reasonable diligence. *See* Local Rules W.D. Wash. LCR 7(h)(1). Even if the court were inclined to consider *Kolenc*, it is inapplicable here. In *Kolenc*, the district court declined to compel a non-objecting party to respond to discovery requests where the requests left out words, or were otherwise nonsensical, or were so broad that they swept in large amounts of attorney-client privileged material. *See id.* at *3-4. Here, Mr. Wojdak has not asserted that the discovery requests at issue are nonsensical or will inadvertently pierce the attorney-client privilege. Thus, even if the court were inclined to consider *Kolenc* on reconsideration, it would not be persuaded to reconsider its original ruling.

//

Mr. Wojdak also argues that courts ordinarily do not permit discovery into a defendant's financial status or ability to satisfy a judgment because such matters are not relevant. (*See* MFR at 3 (citing *Ranney-Brown, Distrib., Inc. v. E.T. Barwick Indus., Inc.*, 75 F.R.D. 3, 5 (S.D. Ohio 1977)). Again, this is an argument that Mr. Wojdak could have brought to the attention of the court earlier but did not. *See* Local Rules W.D. Wash. LCR 7(h)(1). In any event, courts in this district have permitted discovery into a defendant's financial position in cases seeking exemplary damages—even when those damages are capped. *See, e.g.*, *Coachman v. Seattle Auto Mgmt. Inc.*, No. C17-187 RSM, 2018 WL 1640893, at *3 (W.D. Wash. Apr. 5, 2018). Here, Plaintiffs bring claims for violations of Washington's Consumer Protection Act ("CPA"), RCW ch. 19.86, and Residential Landlord Tenant Act ("RLTA"), RCW ch. 59.18—both of which provide for exemplary damages. (*See* Am. Compl. (Dkt. # 19) ¶¶ 6.36-6.56; *see also id.* at 25 (stating in the prayer for relief that Plaintiffs are seeking treble damages under the CPA and double damages under the RLTA).) Thus, the court concludes that this is not the ordinary case in which such discovery might not be permitted.

Mr. Wojdak further argues that the court should grant reconsideration because Plaintiffs did not conduct a discovery conference with him pursuant to Federal Rule of Civil Procedure 26(f) prior to serving their discovery requests as required by Rule 26(d)(1) and did not wait for 21 days following service of the complaint to serve him with discovery as required by Rule 26(d)(2)(A). (*See* MFR at 4.) First, "the discovery moratorium" in Rule 26(d)(1) "does not apply to later-added parties," such as Mr. Wojdak. *See Atmosphere Hosp. Mgmt., LLC v. Curtullo*, No. 5:13-CV-05040-KES, 2015

WL 136120, at *17 (D.S.D. Jan. 9, 2015). In addition, even if Plaintiffs' discovery was not considered properly served until November 23, 2019—21 days following service of the complaint—Mr. Wojdak still has not served objections to the discovery, and so, those objections are still waived.

Finally, Mr. Wojdak makes a variety of equitable arguments as to why the court should exercise its discretion to not require him to fully respond to Plaintiffs' discovery despite his failure to timely object. (*See* MFR at 4-6.) Mr. Wojdak could have raised these arguments and objections in response to both Plaintiffs' discovery requests and to Plaintiffs' motion to compel. He failed to do so, and his attempt to raise these arguments in a motion for reconsideration—when he could have done so earlier—is unavailing. *See* Local Rules W.D. Wash. LCR 7(h)(1). Because Mr. Wojdak fails to demonstrate either (1) "manifest error in the prior ruling," or (2) "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence," *see id.*, the court DENIES his motion for reconsideration of its ruling on Plaintiff's Local Rule 7(i) telephonic motion to compel discovery.

//

//

//

//

//

//

//

## IV. CONCLUSION

Based on the foregoing analysis, the court DENIES Mr. Wojdak's motion for reconsideration (Dkt. # 42).

Dated this 18th day of February, 2020.

JAMES L. ROBART
United States District Judge