UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADAMA JAMMEH, et al.,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>HNN ASSOCIATES, LLC, et al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. C19-0620JLR<br><br>ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT IN PART AND GRANTING PLAINTIFFS' FEDERAL RULE OF CIVIL PROCEDURE 56(d) REQUEST |

## I.　INTRODUCTION

Before the court are Defendants William Wojdak's and Defendant Columbia Debt Recovery, LLC, d/b/a Genesis Credit Management, LLC's ("Columbia") motions for summary judgment on Plaintiffs Adama Jammeh and Oumie Sallah's (collectively, "Plaintiffs") claims. (*See* Wojdak MSJ (Dkt. # 51); Columbia MSJ (Dkt. # 48).) Plaintiffs filed a consolidated opposition to both motions. (*See* Resp. (Dkt. # 68).) In this order the court resolves two issues: (1) the disposition of Plaintiffs' claims for unjust

enrichment and civil conspiracy (*see* SAC (Dkt. # 19) ¶¶ 6.57-6.62 (alleging unjust enrichment), ¶¶ 6.63-6.65 (alleging civil conspiracy)); and (2) Plaintiffs' Federal Rule of Civil Procedure 56(d) request for additional discovery prior to the court's ruling on Mr. Wojdak's summary judgment motion (*see* Resp. at 21).

## II.   ANALYSIS

### A.   Unjust Enrichment and Civil Conspiracy

In their consolidated response to Defendants' motions for summary judgment, Plaintiffs admit that they "do not object to dismissal" of their claims for unjust enrichment and civil conspiracy. (*Id.* at 1; *see also* SAC ¶¶ 6.57-6.65.) Accordingly, the court GRANTS Defendants' motions for summary judgment in part with respect to these two claims. Except for Plaintiffs' Rule 56(d) request with respect to Mr. Wojdak's motion, the court will address the remainder of Columbia's and Mr. Wojdak's motions for summary judgment on Plaintiffs' remaining claims in separate orders that will follow.

### B.   Plaintiffs' Rule 56(d) Request

In response to Mr. Wojdak's motion, Plaintiffs request leave to conduct additional discovery prior to the court's ruling pursuant to Federal Rule of Civil Procedure 56(d).[1] (*See* Resp. at 21 (citing Fed. R. Civ. P. 56(d)(1)).) Specifically, Plaintiffs seek to depose Mr. Wojdak and obtain copies of emails between Columbia and Defendant HNN Associates, LLC ("HNN"). (*Id.*) Although the discovery period has not yet expired, Mr. Wojdak nevertheless argues that the court should not permit further discovery because

---

[1] Plaintiffs do not request Rule 56(d) relief or any delay with respect to the court's resolution of Columbia's motion. (*See* Resp. at 21.)

1   Plaintiffs had the opportunity to depose Mr. Wojdak but failed to do so.  (Wojdak Reply

2   (Dkt. # 75) at 5-6.)  Mr. Wojdak also argues that Plaintiffs have sufficient evidence to

3   oppose his motion because they conducted a Federal Rule of Civil Procedure 30(b)(6)

4   deposition of Columbia on February 19, 2020.  (*Id.* at 6.)

5          "Rule 56(d) provides 'a device for litigants to avoid summary judgment when they

6   have not had sufficient time to develop affirmative evidence.'"  *Stevens v. Corelogic,*

7   *Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (quoting *United States v. Kitsap Physicians Serv.*,

8   314 F.3d 995, 1000 (9th Cir. 2002)).  A party seeking additional discovery under Rule

9   56(d) must explain what further discovery would reveal that is essential to justify its

10  opposition to the motion for summary judgment.  *Id.*  "In particular, '[t]he requesting

11  party must show [that]:  (1) it has set forth in affidavit form the specific facts it hopes to

12  elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are

13  essential to oppose summary judgment.'"  *Id.* (quoting *Family Home & Fin. Ctr., Inc. v.*

14  *Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)).

15         Plaintiffs state that Defendants have produced few emails to date.  (*See* 5/4/20

16  Leonard Decl. (Dkt. # 69) ¶ 15.)  Defendants' prior counsel represented to Plaintiffs that

17  Columbia suffered a ransomware attack in August 2019 and lost most of its emails prior

18  to that date.  (*Id.*)  Nevertheless, almost five months ago, Defendants' prior counsel

19  represented to Plaintiffs that HNN had searched its email for messages sent to or from

20  Columbia or Genesis email accounts and the emails would be reviewed and produced.

21  (*Id.* (citing 1/24/10 Glass Decl. (Dkt. # 33) ¶ 15, Ex. 7 at 4).)  Those emails have not been

22

produced to date. (*Id.*) Defendants do not contest these assertions. (*See generally* Wojdak Reply; Columbia Reply (Dkt. # 73)).)

In addition, on March 25, 2020, Plaintiffs' counsel contacted Mr. Wojdak's counsel and requested dates to depose Mr. Wojdak by video deposition. (*See* 5/4/20 Leonard Decl. ¶ 16, Ex. 10 ("Given the short amount of time we have prior to the deadline for filing class cert[ification], we would like to get a date on the calendar to take the deposition of [Mr.] Wojdak.").) Plaintiffs' counsel specifically asked for available dates between April 1-10, 2020. (*Id.*) Mr. Wojdak's counsel objected to the timing of the request because "class discovery closed on March 17, 2020." (*See id.*) However, the court notes that the overall discovery cutoff does not occur until June 15, 2020 (Sched. Order (Dkt. # 9) at 1), and the court's class certification scheduling order specifically provides that it is "not to be construed as a bifurcation of discovery" (CC Sched. Order (Dkt. # 20) at 1). Thus, Mr. Wojdak's objection to the timing of his deposition based on the close of class discovery is not well taken.

Mr. Wojdak's counsel further stated:

> We are not opposed to making Mr. Wojdak available for a deposition prior to the close of discovery in this matter. However, we would request that it take place after the shelter in place order is lifted. Perhaps we can revisit this issue in the next few weeks if it looks like the quarantine is going to last longer than any of us would like.

(*Id.*)[2] After declining to schedule his deposition between April 1-10, 2020, Mr. Wojdak nevertheless filed his motion for summary judgment on April 16, 2020, less than three

---

[2] Mr. Wojdak's counsel is apparently referring to Governor Jay Inslee's "Stay Home Stay Healthy" order, which was issued in response to the public health emergency caused by the

weeks later. (*See generally* Wojdak MSJ.) The court has already expended time and resources compelling Mr. Wojdak to comply with his discovery obligations in this litigation. (*See* Min. Entry (Dkt. # 40); 2/18/20 Order (Dkt. # 43).) The court will not tolerate further gamesmanship.

Plaintiffs argue that Mr. Wojdak's liability for violating the Fair Debt Collections Practices Act is tied to establishing his involvement in and control over the collection policies at issue in this lawsuit. (5/4/20 Leonard Decl. ¶ 17.) They maintain that they need access to the promised emails and an opportunity to depose Mr. Wojdak to establish the extent of his involvement with and his control over Columbia's collection of HNN accounts. (*Id.*) The court agrees that Plaintiffs are entitled to this discovery and that they have met the requirements for obtaining additional discovery under Rule 56(d)(1) prior to the court's ruling on Mr. Wojdak's motion. *See Stevens*, 899 F.3d at 678. Accordingly, the court GRANTS Plaintiffs' Rule 56(d) request for additional discovery but limits that discovery to the production of the emails referenced above and to the taking of Mr. Wojdak's deposition.

The court recognizes that the discovery cutoff in this case is June 15, 2020, and the deadline for dispositive motions is July 15, 2020. (*See* Sched. Order at 1.) To

---

coronavirus disease 2019 ("COVID-19") pandemic. *See* https://coronavirus.wa.gov/news/inslee-announces-safe-start-washingtons-phased-reopening-county (last visited on June 3, 2020). That order ended on May 31, 2020, but was replaced by the Governor's "Safe Start" order, which represents a county-by-county, phased reopening of the state's economy and other activities. *See id.*; *see also See King v. Cty. of Los Angeles*, 885 F.3d 548, 555 (9th Cir. 2018) ("[W]e take judicial notice of the undisputed and publicly available information displayed on government websites.") (citing *Daniels-Hall v. Nat'l Educ. Ass'n.*, 629 F.3d 992, 998-99 (9th Cir. 2010)).

maintain this schedule, the court sets the following deadlines. The court ORDERS Mr. Wojdak to produce the emails referenced above no later than June 12, 2020. The court further ORDERS that the parties shall conduct Mr. Wojdak's deposition no later than June 19, 2020.[3] Plaintiffs may file a supplemental memorandum in response to Mr. Wojdak's motion for summary judgment no later than July 3, 2020. Plaintiffs shall limit their supplemental memorandum to no more than ten (10) pages. Mr. Wojdak may file a supplemental reply in support of his motion no later than July 10, 2020. Mr. Wojdak shall limit his supplemental reply to no more than five (5) pages.

### III.  CONCLUSION

Based on the foregoing analysis, the court GRANTS in part and RESERVES RULING in part on Defendants' motions for summary judgment (Dkt. ## 48, 51). Specifically, the court grants summary judgment in Defendants' favor on Plaintiffs' claims for unjust enrichment and civil conspiracy and reserves ruling on the remainder of Defendants' motions. The court also GRANTS Plaintiffs' Rule 56(d) request with respect to Mr. Wojdak's motion as more fully described above. The court DIRECTS the Clerk to maintain the May 15, 2020, noting date on Columbia's motion for summary judgment (Dkt. # 48) because the court will address the remainder of Columbia's motion in a subsequent order. The court also DIRECTS the Clerk to renote Mr. Wojdak's

---

[3] The court recognizes that, due to Governor Inslee's Safe Start order, certain restrictions may still apply in King County that prevent the parties from conducting an in-person deposition. If the parties are unable to safely conduct Mr. Wojdak's deposition in person under King County's present COVID-19 public health guidelines, then the court ORDERS the parties to conduct Mr. Wojdak's deposition by remote means. *See* Fed. R. Civ. P. 30(b)(4).

motion (Dkt. # 51) for July 10, 2020.  The court will address the remainder of Mr. Wojdak's motion following the parties' completion of the discovery and briefing described above.

Dated this 4th day of June, 2020.

JAMES L. ROBART
United States District Judge