THE HONORABLE JAMES L. ROBART

1
2
3
4
5
6

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

7

ADAMA JAMMEH and OUMIE SALLAH,

NO. 2:19-cv-00620-JLR

8

Plaintiffs,

[PROPOSED] ORDER APPROVING NOTICE
OF A PROPOSED CLASS ACTION
SETTLEMENT

9

v.

10
11

HNN ASSOCIATES, LLC, GATEWAY, LLC,
COLUMBIA DEBT RECOVERY, LLC, d/b/a
GENESIS CREDIT MANAGEMENT, LLC, and
WILLIAM WOJDAK,

12
13
14

Defendants.

15
16        The Court previously certified two Classes and appointed Plaintiffs Adama Jammeh

17    Oumie Sallah as representatives of the Classes (Dkt. No. 105). The Court reserved ruling on

18    whether to certify Plaintiffs' FDCPA claims or certify a subclass of FDCPA claimants. *Id.* The

19    parties have filed supplemental briefing directed to the subclass issue.

20        Plaintiffs and Defendants HNN Associates, LLC, Gateway, LLC, Columbia Debt Recovery,

21    LLC, and William Wojdak have reached a proposed settlement of the Classes' claims. Plaintiffs

22    move for approval of notice to the Classes of the proposal. Fed. R. Civ. P. 23(e)(1)(A). The terms

23    of the settlement are set forth in the Settlement Agreement and Release attached as Exhibit A

24    to the Declaration of Blythe H. Chandler in support of Plaintiffs' motion for approval of notice of

25    a proposed class action settlement (hereinafter, "Agreement" or "Settlement Agreement").

26
27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    The Court has read and considered the Settlement Agreement, the exhibits attached

2   thereto, and the briefing submitted in support of approval of notice of the settlement and is

3   fully advised.  All capitalized terms not otherwise defined in this Order shall have the same

4   meaning as defined in the Settlement Agreement.

5    THEREFORE, THE COURT FINDS AND CONCLUDES AS FOLLOWS:

6    1.    This Court has jurisdiction over the subject matter of this Action and personal

7   jurisdiction over the Parties and the Classes.

8    2.    The Court finds that (a) the Agreement resulted from extensive arm's-length

9   negotiations, with participation of an experienced mediator, and (b) the Agreement is sufficient

10   to warrant notice thereof to members of the Classes and the Final Approval Hearing described

11   below.

12    3.    The Court previously certified the following Classes under Rule 23(b)(3):

13
14   **HNN CLASSES**: Former tenants of an HNN managed property in Washington who
     moved in before February 1, 2019 and:

15
16   (1) who moved out on or after July 12, 2017, and from whom HNN collected a
     deposit or security without providing a move-in checklist that stated the condition
17   of the walls, floors, countertops, carpets, and appliances in the unit (the "Move-
     In Form" Class); or

18
19   (2) who moved out on or after July 12, 2017, and to whom HNN mailed a
     statement of HNN's basis for retaining a deposit more than 21-days after the
20   tenant moved out of an HNN-managed unit (the "Late Statement" Class); or

21   (3) who moved in to an HNN managed property after July 31, 2016, and whose
     deposit was forfeited by HNN (the "Forfeiture Class").

22
23   **CDR CLASS**: All former tenants of an HNN managed property in Washington whose
     accounts HNN placed with CDR between February 13, 2017 and January 31, 2019,
24   and to whom CDR sent at least one written collection demand.

25   Dkt. No. 105 at 57.

26    The Court reserved ruling on certification of FDCPA claims or an FDCPA Subclass. The

27   parties agree to certification of the following subclass for settlement purposes only:

[PROPOSED] ORDER APPROVING NOTICE OF A PROPOSED
CLASS ACTION SETTLEMENT - 2
CASE NO. 2:19-cv-00620-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

**CDR FDCPA SUBCLASS**: All members of the CDR Class to whom CDR
sent at least one written collection demand on or after July 12, 2018.

3 For settlement purposes only, the Court finds that the requirements of Rule 23(b)(3) are

4 satisfied for the CDR FDCPA Subclass for the reasons set forth in its order certifying the CDR

5 Class. For settlement purposes only, the Court finds that Cynthia Quintero's claims are typical of

6 the CDR FDCPA Subclass and appoints her as an adequate representative of the CDR FDCPA

7 Subclass (*see* Dkt. No. 108 (describing Ms. Quintero's understanding of the duties of class

8 representative and her willingness to undertake them)).

9          4.      The Court preliminarily finds that the Agreement is fundamentally fair, adequate,

10 and reasonable.

11          5.      The Court appoints P&N as the administrator of the settlement, who shall fulfill

12 the functions, duties, and responsibilities of the Class Administrator as set forth in the

13 Agreement and this Order.

14          6.      The Court approves the proposed forms of notice attached as Exhibits B and C to

15 the declaration of Blythe Chandler and the plan for giving direct notice to the Class by U.S. Mail

16 as set forth in the Agreement ("Notice Plan"). The Notice Plan, in form, method, and content,

17 fully complies with the requirements of Rule 23 and due process, constitutes the best notice

18 practicable under the circumstances, and is due and sufficient notice to all persons entitled

19 thereto. The Court finds that the Notice Plan is reasonably calculated to, under all

20 circumstances, reasonably apprise the Class Members of the pendency of this action, the terms

21 of the Agreement, the right to object to the settlement, and how to exclude themselves from

22 the Settlement Classes.

23          7.      Pursuant to the Agreement, the Class Administrator shall provide individual

24 notice via U.S. Mail to the most recent address for each Class Member reflected in the records

25 produced by Defendants to the Class Administrator, as updated by the Class Administrator

26 through the National Change of Address system or a comparable system, no later than  **March**

27 **8, 2021** (the "Notice Deadline"), which is thirty (30) days following entry of this Order. The Class

[PROPOSED] ORDER APPROVING NOTICE OF A PROPOSED
CLASS ACTION SETTLEMENT - 3
CASE NO. 2:19-CV-00620-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 ● FAX 206.319.5450
www.terrellmarshall.com

1  Administrator shall establish a Settlement Website within fourteen (14) days following entry of
2  this Order.

3     8.     Members of the Classes may exclude themselves from the Settlement Classes by
4  mailing to the Class Administrator a written request no later than **May 7, 2021** ("Opt-Out
5  Deadline"), which is sixty (60) days after the Notice Deadline. All requests must be signed, and if
6  mailed, must be postmarked no later than the Opt-Out Deadline.

7     9.     Any Settlement Class Member who desires to object to the fairness of this
8  settlement must file a written objection with the Court by **May 7, 2021** ("Objection Deadline"),
9  which is sixty (60) days after the Notice Deadline. The objection must provide:

10        a.      The name, address, telephone number, and email address of the person
11               objecting, and if represented by counsel, of his/her counsel;
12        b.      Specify, in writing, all objections;
13        c.      A statement of his/her membership in any Classes; and
14        d.      A detailed list of any other objections submitted by the Settlement Class
15               Member, and/or his/her counsel, to any class actions in any court,
16               whether state or otherwise, in the United States in the previous five (5)
17               years.  If the Settlement Class Member or his/her counsel has not
18               objected to any other class action settlement in any court in the United
19               States in the previous five (5) years, he/she shall affirmatively state so in
20               the written materials in connection with the objection to this Settlement.

21    10.     Anyone who properly objects, as described herein, may appear at the Final
22  Approval Hearing, including through an attorney hired at the objector's expense. Such objectors
23  or their attorneys intending to appear at the Final Approval Hearing must file a notice of
24  appearance with this Court no later than ten (10) days prior to the Final Approval Hearing.  Any
25  member of the Classes who fails to comply with the provisions herein shall waive and forfeit
26  any and all rights to appear and/or object separately, and shall be bound by the terms of this
27  settlement and the orders and judgments of this Court. Class Counsel shall file responses to any

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   valid objections no later than fourteen (14) days prior to the Final Approval Hearing.

2   Defendants' counsel also may file responses, but no later than fourteen (14) days prior to the

3   Final Approval Hearing.

4         11.     Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, a hearing will

5   be held before this Court to determine whether the settlement is fair, reasonable, and

6   adequate, and should be approved by this Court; to determine whether the Final Approval

7   Order and Final Judgment under this settlement should be entered; to consider the application

8   for attorneys' fees and expenses of Class Counsel; to consider the application for a service

9   award to the Representative Plaintiffs; to consider the distribution of the Settlement Fund

10  pursuant to the Agreement; and to rule on any other matters that the Court may deem

11  appropriate. At the Final Approval Hearing, the Court may enter the Final Approval Order and

12  Final Judgment in accordance with the Agreement that will adjudicate the rights of the

13  Settlement Class Members.

14        12.     Defendant CDR is ordered to comply with the non-monetary relief required by

15  the Settlement as follows:

16       a.     Within thirty (30) days of full execution of the Settlement Agreement, CDR shall

17                 cease all efforts to collect any amounts in excess of the Principal allegedly owed

18                 by Class Members on their HNN accounts.

19  Additional non-monetary commitments with which Defendants must comply after the Effective

20  Date of the Settlement will be addressed in the Court's Final Approval Order.

21        13.     The Final Approval Hearing is scheduled for **June 9, 2021, at 9:00 a.m.** before the

22  Honorable James L. Robart at the United States District Court for the Western District of

23  Washington, 700 Stewart Street, Suite 14128, Seattle, WA 98101. The Court may change the

24  date for the Final Approval Hearing. If the Court changes the hearing date, notice of such

25  change shall be posted on the settlement website.

26

27

[PROPOSED] ORDER APPROVING NOTICE OF A PROPOSED
CLASS ACTION SETTLEMENT - 5
CASE NO. 2:19-cv-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

14.     All memoranda and other submissions in support of the Final Approval Order and Final Judgment and this settlement shall be filed no later than fourteen (14) days prior to the Final Approval Hearing.

15.     All notice and settlement administration expenses shall be paid from the Settlement Fund pursuant to the Agreement.

16.     On or before thirty (30) days after the Notice Deadline, Class Counsel shall file and serve an application for an award of attorneys' fees and out-of-pocket costs, and an application for service awards to Representative Plaintiffs. The application shall be posted on the Settlement Website within one business day after it is filed.

17.     All members of the Classes will be bound by all orders pertaining to the settlement unless such person(s) request exclusion from the Classes. Settlement Class Members who do not timely and validly request exclusion shall be so bound, even if they have previously or subsequently initiated individual litigation or other proceedings against the Released Parties relating to the Released Claims.

18.     Pending entry of the Final Approval Order, Representative Plaintiffs and Class Members (except those who opt-out) are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims, either directly, representatively, derivatively, or in any capacity, against Released Parties.

19.     Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval and partake in this settlement.

20.     This Order and the settlement are not admissions or concessions by Defendants of any liability or wrongdoing. This Order is not a determination of liability or wrongdoing. This Order also does not constitute any opinion or position of this Court as to the merits of the claims and defenses related to this Action.

21.     This Action is stayed until further ordered by this Court, except such actions and proceedings that may be necessary to implement this settlement and Order.

[PROPOSED] ORDER APPROVING NOTICE OF A PROPOSED
CLASS ACTION SETTLEMENT - 6
CASE NO. 2:19-cv-00620-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

22. If Final Approval does not occur, the parties shall be returned to the status quo ex ante, for all litigation purposes, as if no settlement had been negotiated or entered into and thus this Order and all other findings or stipulations regarding the settlement shall be automatically void, vacated, and treated as if never filed.

23. Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

24. This Court retains jurisdiction to consider all further matters arising out of or connected with the settlement. The Court reserves the right to adjourn or continue the date of the Final Approval Hearing without further notice to Settlement Class Members. The Court may approve or modify the settlement without further notice to Class Members.

25. The following timeline will govern proceedings through the Final Approval Hearing:

| DEADLINE | EVENT |
|---|---|
| **March 8, 2021** (Thirty days after entry of this Order) | Deadline to mail notice |
| **February 18, 2021** (Fourteen days after entry of this Order) | Deadline to make the settlement website available |
| **April 7, 2021** (Thirty days after Notice Deadline) | Deadline for Class Counsel to file their motion for attorneys' fees, costs, and service awards for the class representatives |
| **May 7, 2021** (Sixty days after Notice Deadline) | Deadline for Class Members to submit exclusion requests or objections |
| **May 26, 2021** (Fourteen days before Final Approval Hearing) | Deadline to file responses to objections and motion for final approval |
| **June 9, 2021, at 9:00 a.m.** (At the Court's convenience but no earlier than 120 days after entry of this order) | Final Approval Hearing |

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

IT IS SO ORDERED.

DATED this 4th day of February, 2021.

_____

JAMES L. ROBART
United States District Judge

[PROPOSED] ORDER APPROVING NOTICE OF A PROPOSED
CLASS ACTION SETTLEMENT - 8
CASE NO. 2:19-CV-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com