THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

ADAMA JAMMEH and OUMIE SALLAH,

Plaintiffs,

v.

HNN ASSOCIATES, LLC, GATEWAY, LLC, COLUMBIA DEBT RECOVERY, LLC, d/b/a GENESIS CREDIT MANAGEMENT, LLC, and WILLIAM WOJDAK,

Defendants.

Case No. 2:19-cv-00620-JLR

**PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS**

**NOTED FOR CONSIDERATION: June 9, 2021**

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS
Case No. 2:19-cv-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 1

II. PROCEDURAL HISTORY ........ 1

A. Plaintiffs and Class Counsel vigorously litigated on behalf of the Class ........ 1

B. Plaintiffs and Class Counsel negotiated an outstanding settlement for Class members ........ 3

III. ARGUMENT AND AUTHORITY ........ 4

A. Class Counsel request a reasonable award of attorneys' fees and costs ........ 4

1. The lodestar method is the appropriate calculation for fees in this case4

a. Class Counsel expended a reasonable number of hours litigating this case ........ 6

b. Class Counsel's rates are consistent with rates in the community for similar work performed by attorneys of comparable skill, experience, and reputation ........ 8

c. Consideration of the relevant Kerr factors supports the requested fee ........ 10

2. Class Counsel's costs were necessarily and reasonably incurred ........ 11

B. Class Representatives request reasonable service awards ........ 11

IV. CONCLUSION ........ 12

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

# TABLES OF AUTHORITIES

Page

## FEDERAL CASES

*Arthur v. Sallie Mae, Inc.*,
No. 10-CV-00198-JLR, 2012 WL 4076119 (W.D. Wash. Sept. 17, 2012)..................... 11

*Ballen v. City of Redmond*,
466 F.3d 736, 746 (9th Cir. 2006) ...................................................................... 10

*Barovic v. Ballmer*,
Nos. C14-0540 JCC, *et al.*, 2016 WL 199674 (W.D. Wash. Jan. 13, 2016) ............. 11, 12

*Bowen v. CSO Financial, Inc.,*
No. 17-cv-00677-JCC (W.D. Wash. July, 10, 2018)...................................................... 9

*Byles v. Ace Parking Mgmt., Inc.*,
No. C16-0834-JCC, 2019 WL 3936663 (W.D. Wash. Aug. 20, 019).......................6, 9, 11

*Carideo v. Dell, Inc.*,
No. 2:06-cv-01772 JLR (W.D. Wash. Dec. 17, 2010) ............................................. 9, 11

*Carr v. United Healthcare Servs., Inc.*,
No. 2:15-cv-1105 JLR, 2017 WL 11458425 (W.D. Wash. June 2, 2017)...................... 12

*Cavnar v. BounceBack, Inc.*,
No. 2:45-CV-235-RMP (E.D. Wash. Sept. 15, 2015) .................................................. 10

*Corson v. Toyota Motor Sales U.S.A., Inc.*,
No. CV 12-8499-JGB, 2016 WL 1375838 (C.D. Cal. Apr. 4, 2016)............................... 11

*Dang v. Cross*,
422 F.3d 800 (9th Cir. 2005)........................................................................................ 8

*Dennings v. Clearwire Corp.*,
No. C10-1859 JLR, 2013 WL 1858797 (W.D. Wash. May 3, 2013) ......................... 4, 10

*Gonzalez v. City of Maywood*,
729 F.3d 1196 (9th Cir. 2013)...................................................................................... 8

*Grace v. Apple, Inc.*,
No. 17-CV-00551-LHK, 2021 WL 1222193 (N.D. Cal. Mar. 31, 2021)......................... 11

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Hopkins v. Stryker Sales Corp.*,
No. 11-CV-02786-LHK, 2013 WL 496358 (N.D. Cal. Feb. 6, 2013) .............................. 11

*In re Bluetooth Headset Prods. Liab. Litig.*,
654 F.3d 935 (9th Cir. 2011) .......................................................................... 4, 5

*In re Coord. Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*,
109 F.3d 602 (9th Cir. 1997) .......................................................................... 4

*In re Hyundai & Kia Fuel Economy Litig.*,
926 F.3d 539 (9th Cir. 2019) .......................................................................... 10

*In re Online DVD-Rental Antitrust Litig.*,
779 F.3d 934 (9th Cir. 2015) .......................................................................... 5

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
19 F.3d 1291 (9th Cir. 1994) .......................................................................... 5

*In re Yahoo! Inc. Customer Data Sec. Breach Litig.*,
No.16-MD-02752-LHK, 2020 WL 4212811 (N.D. Cal. July 22, 2020) .......................... 12

*Johnson v. NPAS Solutions, LLC*,
975 F.3d 1244 (11th Cir. 2020) ........................................................................ 11

*Kerr v. Screen Extras Guild, Inc.*,
526 F.2d 67 (9th Cir. 1975) ............................................................................ 5, 10

*Miller v. PSC, Inc.*,
No. 3:17-cv-05864-RBL (W.D. Wash. Jan. 10, 2020) .................................................... 9

*Moreno v. City of Sacramento*,
534 F.3d 1106 (9th Cir. 2008) ........................................................................ 6, 8

*Nugussie v. HMS Host N. Am.*,
No. 2:16-cv-00268, 2018 WL 9662641 (W.D. Wash. Feb. 22, 2018) ............................ 9

*Paulson v. Principal Life Ins. Co.*,
No. 16-5268 RJB, 2017 WL 4843837 (W.D. Wash. Oct. 26, 2017) ............................... 9

*Pelletz v. Weyerhaeuser Co.*,
592 F. Supp. 2d 1322 (W.D. Wash. 2009) ............................................................ 9, 12

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Rinky Dink v. World Business Lenders, LLC*, No. 2:14-cv-0268-JCC (W.D. Wash. May 31, 2016) ........ 9

*Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) ........ 11

*Schneider v. Wilcox Farms, Inc.*, No. 07-cv-01160-JLR, 2009 WL 10726662 (W.D. Wash. Jan. 12, 2009) ........ 5, 6, 10

*Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301 (9th Cir. 1990) ........ 5

*Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356 JLR, 2019 WL 5536824 (W.D. Wash. Oct. 25, 2019) ........ 12

*Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) ........ 4

*Welch v. Metro. Life Ins. Co.*, 480 F.3d 942 (9th Cir. 2007) ........ 8

**STATE CASES**

*Bowles v. Wash. Dep't of Ret. Sys*, 121 Wn.2d 52, 847 P.2d 440 (Wash. 1993) ........ 4

**FEDERAL RULES & STATUTES**

Fed. R. Civ. P. 23 ........ 6

15 U.S.C. § 1692k(a)(2)(B) ........ 12

15 U.S.C. § 1692k(a)(3) ........ 5

**STATE STATUTES**

RCW 19.86.090 ........ 5

RCW 59.18.260 ........ 5

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I. INTRODUCTION

Adama Jammeh, Oumie Sallah, and Cynthia Quintero and their counsel request that the Court award Class Counsel attorneys' fees and costs of $600,000 and approve combined statutory damages and service award payments of $5,000 for Class Representatives Jammeh and Sallah and a combined statutory damages and service award payment of $2,000 for Class Representative Quintero. Class Representatives and Class Counsel vigorously litigated this case for nearly two years before negotiating a settlement that will reimburse Settlement Class Members for roughly 70% of the security deposits Defendants retained and interest Defendants collected. Defendants have also agreed to provide significant non-monetary relief by ceasing to collect amounts in excess of Class members' principal balances, correcting credit reporting, and entering partial satisfactions of judgments obtained against Class members.

Class Counsel have devoted more than 2,100 hours to the prosecution of this case. Their fee request is less than their lodestar, calculated using hourly rates that have been repeatedly approved by courts in this District. In addition, the fee request includes the $10,700 in litigation costs that Class Counsel have incurred. The combined statutory damages and service award payments Class Representatives seek are reasonable and equal to or less than the Ninth Circuit benchmark. Plaintiffs request that the Court grant their motion.

## II. PROCEDURAL HISTORY

### A. Plaintiffs and Class Counsel vigorously litigated on behalf of the Class.

Before filing this lawsuit, Class Counsel spent many months investigating the facts and researching the applicable law. Arons Decl. ¶ 2; Leonard Decl. ¶ 3. This investigation included gathering information about Plaintiffs' experiences and from community organizations about Defendants' practices, reviewing related documentation, and researching applicable statutes, regulations, and case law to develop applicable legal theories. Arons Decl. ¶ 2; Leonard Decl. ¶ 3. Class Counsel filed the initial complaint on behalf of Plaintiffs Adama Jammeh and Oumie Sallah in King County Superior Court on March 7, 2019. Dkt. No. 1-1. Plaintiffs filed their First Amended Complaint on April 25, 2019, and defendant CDR removed to this Court. Dkt. No. 1.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Class Counsel continued to investigate to determine whether Plaintiffs' claims were suited to class litigation. After concluding they were, Plaintiffs moved to amend the complaint a second time to add class action allegations and claims against William Wojdak, the controlling principle of CDR, and were granted leave to do so. Dkt. Nos. 12, 19. In the year and a half after the complaint was filed, the parties engaged in substantial discovery. Chandler Decl. ¶ 11; Dkt. Nos. 40, 43, 88. The parties exchanged initial disclosures in June 2019. Chandler Decl. ¶ 11. Thereafter, the parties exchanged multiple rounds of written discovery requests and engaged in lengthy negotiations related to the scope of the parties' respective requests. *Id.* The parties' discovery disputes required Court intervention on two occasions. Dkt. Nos. 37–40; 85-89.

Defendants ultimately produced tens of thousands of pages of documents that Class Counsel analyzed, including payment data, documents regarding CDR's collection policies, HNN's move-in/move-out policies, and emails between HNN and CDR related to those policies. Dkt. Nos. 85–89; Chandler Decl. ¶ 12. Class Counsel devoted substantial staff time to reviewing the more than 44,000 pages of move-out files Defendants produced, and analyzing the resulting data to identify potential class members. Chandler Decl. ¶ 12; *see also* Dkt. No. 56 (Boschen Decl.); Dkt. No. 105 at 42, 53 (noting that "Plaintiffs already reviewed the completed forms for proposed class members and produced an exhibit listing thousands of forms that they allege fail to state the condition of wall, floors, countertops, carpets, and appliances" and "Plaintiffs have already analyzed HNN's data and provided a list of members for each proposed class" in granting class certification). Class Counsel also used Defendants' data to prepare damages models for each type of alleged injury. Chandler Decl. ¶ 12.

Class Counsel deposed three representatives of HNN and a representative of Columbia Debt Recovery. Chandler Decl. ¶ 13. Class Counsel also sought information from third parties via public records requests to the Washington State Housing Finance Commission and Housing Authority of Snohomish County and subpoenas duces tecum to BSS Hauling & Clean Up Inc., Direct Carpet Cleaning, and Hope Northwest. *Id*.

Plaintiffs moved for class certification in April 2020. Dkt. Nos. 54-58. Defendants HNN

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

and Gateway opposed, Dkt. Nos. 70-72, and CDR and William Wodjak opposed separately, Dkt. Nos. 66-67. Class Counsel replied to both oppositions. Dkt. Nos. 77-82. The Court granted the motion, certifying HNN Classes and a CDR Class but reserving consideration of an FDCPA subclass pending supplemental briefing on the merits and a subclass. Dkt. No. 105.

Also in April 2020, CDR and William Wodjak moved for summary judgment on all of Plaintiffs' claims. Dkt. Nos. 48-53. Plaintiffs opposed both motions. Dkt. Nos. 68-70. The Court denied CDR's motion for summary judgment on Plaintiffs' FDCPA, CAA, and CPA claims. Dkt. No. 91. The Court reserved judgment on Wodjak's motion pending additional discovery and supplemental briefing. Dkt. No. 83*.* The Court granted both motions as to Plaintiffs' claims for unjust enrichment and civil conspiracy, which Plaintiffs did not oppose. *Id.*

Plaintiffs moved for certification of the FDCPA Subclass in September 2020, shortly after the Court's certification order. Dkt. Nos. 106-108. Defendants opposed, Dkt. Nos. 111-112, and Plaintiffs filed a reply. Dkt. No. 113. This motion was pending when the parties filed a notice of settlement on November 13, 20202. Dkt. No. 114.

**B. Plaintiffs and Class Counsel negotiated an outstanding settlement for Class members.**

On October 19, 2020, the parties participated in a full day mediation with Louis Peterson of Hillis Clark Martin & Peterson P.S. Chandler Decl. ¶ 14. The parties continued negotiations with Mr. Peterson's assistance. *Id.* The parties agreed to the terms of the settlement on November 12, 2020, and fully executed the Settlement Agreement on December 16, 2020. *Id.*

The settlement requires Defendants to pay $1,600,000 to establish a non-reversionary Settlement Fund to make payments to Class Members.[1] All of the 3,456 Class Members who have a deliverable mailing address will receive a payment with no requirement to submit claims. If the administration costs, attorneys' fees, and service award amounts requested are approved, the net fund to pay settlement awards will be $960,333. After the $30,000 that Plaintiffs request be allocated to FDCPA statutory damages and paid in pro rata shares to the

[1] Unless noted, all capitalized terms have the definitions set forth in the Settlement Agreement and Release.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CDR FDCPA Subclass members is deducted, there is a fund of $930,933 to pay awards based on the amounts of security deposits HNN retained and interest CDR collected. This is roughly 70% of the total amounts of security deposits retained and interest collected from Class Members.

Defendants have also agreed to provide significant non-monetary relief. The Settlement Agreement requires CDR to cease collecting amounts in excess of the principal balances, correct credit reporting, and enter partial satisfactions of judgements obtained against class members.

## III. ARGUMENT AND AUTHORITY

### A. Class Counsel request a reasonable award of attorneys' fees and costs.

Class Counsel have invested more than 2,100 hours in the prosecution of this case. After reducing their hours based on billing judgment, Class Counsel's lodestar, calculated at reasonable rates for this district, exceeds $660,000. Class Counsel have also incurred $10,701.82 in out-of-pocket expenses. Chandler Decl. ¶¶ 19, 21-23; Arons Decl. ¶ 4; Leonard Decl. ¶¶ 5, 7. Class Counsel's request for an award of $600,000 in fees and costs is reasonable.

1. <u>The lodestar method is the appropriate calculation for fees in this case.</u>

District courts have discretion to use either the percentage-of-the-fund method or the lodestar method to calculate a reasonable attorneys' fee from a common fund established by a class action settlement. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).[2] The method a district court chooses to use, and its application of that method, must achieve a reasonable result. *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011) ("Though courts have discretion to choose which calculation method they use, their discretion must be exercised so as to achieve a reasonable result."). As the Ninth Circuit has instructed, "[r]easonableness is the goal, and mechanical or formulaic application of either method, where it yields an unreasonable result, can be an abuse of discretion." *In re Coord. Pretrial Proceedings in Petroleum Prods. Antitrust Litig.*, 109 F.3d 602, 607 (9th Cir. 1997).

[2] Courts may also use either the lodestar method or the percentage method under Washington law. *Dennings v. Clearwire Corp.*, No. C10-1859 JLR, 2013 WL 1858797, at *5 (W.D. Wash. May 3, 2013) (citing *Bowles v. Wash. Dep't of Ret. Sys*, 121 Wn.2d 52, 847 P.2d 440 (Wash. 1993)).

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

The lodestar method is appropriate where, as here, a fee-shifting statute authorizes "the award of fees to ensure compensation for counsel undertaking socially beneficial litigation." *Bluetooth*, 654 F.3d at 941. The certified claims arise under statutes that provide for fee shifting to encourage litigation in the public interest. *See* 15 U.S.C. § 1692k(a)(3) (FDCPA); RCW 19.86.090 (CPA); RCW 59.18.260 and .270 (RLTA). Use of the lodestar method is particularly appropriate for this settlement given its significant non-monetary relief. Using the percentage-of-the-fund method to calculate a fee in a settlement that provides substantial injunctive relief, in addition to significant monetary relief, is likely to result in a fee that is too low considering counsel's success on the merits. *See Bluetooth*, 654 F.3d at 941 (the lodestar method should be used when class counsel obtain significant injunctive relief under a fee shifting statute); *see also Schneider v. Wilcox Farms, Inc.*, No. 07-cv-01160-JLR, 2009 WL 10726662, at *4 (W.D. Wash. Jan. 12, 2009) ("In employment, civil rights and other injunctive relief class actions, courts often use a lodestar calculation because there is no way to gauge the net value of the settlement or any percentage thereof." (citation omitted)).

The Ninth Circuit also recognizes that the lodestar method is appropriate "when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors." *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). The Ninth Circuit uses 25% as the benchmark to calculate and attorneys fee award using the percentage of the fund method. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 949 (9th Cir. 2015). Using the benchmark percentage to calculate a reasonable fee in this case would result in award that is too small.

"Under the lodestar/multiplier method, the district court first calculates the 'lodestar' by multiplying the reasonable hours expended by a reasonable hourly rate." *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1295 n.2 (9th Cir. 1994). Courts also consider the factors outlined in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67-69-70 (9th Cir. 1975):

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

> properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Schneider*, 2009 WL 10726662, at *4 (citation omitted). "There is a 'strong presumption' that the lodestar figure represents the reasonable fee." *Byles v. Ace Parking Mgmt., Inc.*, No. C16-0834-JCC, 2019 WL 3936663, at *1 (W.D. Wash. Aug. 20, 2019).

Class Counsel have submitted detailed declarations and time records with this motion. The time records include the number of hours worked, the work performed, and the attorney or staff member who performed the work. As the declarations and time records show, Terrell Marshall spent 1,642.1 hours, the Law Office of Paul Arons spent 250.4 hours, and Leonard Law spent 254.8 hours on the litigation. These hours, multiplied by the attorneys' and staff members' usual hourly rates, result in a lodestar of $432,087.50 for Terrell Marshall, a lodestar of $137,720 for the Law Office of Paul Arons, and a lodestar of $96,867.00 for Leonard Law. Although their lodestar totals $666,674.50, Class Counsel request a fee award of $600,000. This amount also includes reimbursement of Class Counsel's litigation costs of $10,701.82.

*a. Class Counsel expended a reasonable number of hours litigating this case.*

The more than 2,100 hours that Class Counsel devoted to investigation, discovery, motion practice, and achieving a favorable settlement are reasonable. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client."). Class Counsel spent a substantial amount of time investigating Plaintiffs' claims before filing this lawsuit. For several months, Class Counsel delved into Plaintiffs' experiences, reviewed relevant documentation, met with community organizers who are familiar with Defendants' practices, and researched potential claims. Class Counsel continued investigating even after filing the complaint before deciding that Plaintiffs'

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

claims were well suited to class litigation and moving to amend to add class allegations.

Discovery was hard fought in this case. The parties engaged in many rounds of written and telephonic discussions about the scope of Defendants' responses to Plaintiffs' discovery requests, and the parties twice took their disputes to the Court for resolution. Class Counsel took several depositions of Defendants to understand their practices and develop facts necessary for class certification and proving the merits of their claims. Class Counsel analyzed the tens of thousands of pages of documents produced by Defendants and sought discovery from third parties as well. Deriving information about class members from the more than 44,000 pages of move-out files Defendants produced was a particularly time-consuming undertaking performed primarily by staff members supervised by attorneys.

Class Counsel also spent significant time on motion practice. Plaintiffs' claims were novel and challenging. Plaintiffs' motion for class certification was hard fought, with Defendants challenging the proposed class definitions as well as the Rule 23 requirements. When the Court granted Plaintiffs' motion, it reserved ruling on the proposed FDCPA Subclass, and the parties submitted supplemental briefing. Class Counsel also opposed the summary judgment motions filed by Columbia Debt Recovery and Mr. Wodjak, which the Court denied in large part.

Negotiating a settlement that provides Settlement Class Members with both monetary compensation and meaningful prospective relief also required a considerable effort. Class Counsel prepared for the formal mediation by developing a demand for non-monetary relief and compiling damages models from Defendants' data. Negotiations continued for several weeks afterwards. The parties ultimately agreed to a settlement that will compensate Settlement Class Members for roughly 70% of the total amounts of security deposits Defendants retained and interest Defendants collected, and will ensure that CDR ceases collecting amounts in excess of principal balances from Settlement Class Members, corrects its credit reporting, and enters partial satisfactions of judgments obtained against Settlement Class Members. In addition, the release is tailored to the preserve Class Members' defenses to claims for principal amounts they allegedly owe HNN and CDR.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Class Counsel reviewed their time records and exercised billing judgment to reduce time that arguably could have been more efficiently spent and eliminate purely administrative time. Chandler Decl. ¶ 17. A court may reduce the overall number of hours only when it specifically finds that the work was "unnecessarily duplicative." *Moreno*, 534 F.3d at 1113. "One certainly expects some degree of duplication as an inherent part of the process. There is no reason why the lawyer should perform this necessary work for free." *Id.* at 1112. Courts are particularly reluctant to reduce hours for duplication where, as here, counsel worked on a contingency fee basis. *Id*. As the Ninth Circuit noted, "lawyers are not likely to spend unnecessary time on contingency cases in the hope of inflating their fees. The payoff is too uncertain, as to both the result and the amount of the fee." *Id*. Thus, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Id*.

As a result of Class Counsel's efforts, the fees Class Counsel seek represent a reduction of more than 100 of their recorded hours. Chandler Decl. ¶ 17. Class Counsel's fee request is a conservative lodestar based on work that was reasonably and necessarily performed to achieve the successful resolution of Plaintiffs' and Settlement Class Members' claims.

*b. Class Counsel's rates are consistent with rates in the community for similar work by attorneys of comparable skill, experience, and reputation.*

In determining a reasonable hourly rate, courts look at the prevailing market rates in the relevant community, which is the forum in which the district court sits. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). Courts approve rates that are comparable to "the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007); *see also Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005) (hourly rates are reasonable if they fall within the range of "prevailing market rates in the relevant community" given "the experience, skill, and reputation of the attorney"). Courts consider declarations from plaintiffs' counsel and fee awards in other cases as evidence of

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

prevailing market rates. *Welch*, 480 F.3d at 947.

In this district, courts have approved as reasonable hourly rates billed by attorneys up to $650, paralegals up to $185, and litigation staff up to $125. *See* Final Approval Order and Final Judgment at 7, *Miller v. PSC, Inc.*, No. 3:17-cv-05864-RBL (W.D. Wash. Jan. 10, 2020), ECF No. 75 (approving partner rates of $400-$550 per hour, associate rate of $325 per hour, paralegal rate of $175, and litigation staff rate of $125 per hour);[3] *Byles*, 2019 WL 3936663, at *1 (approving attorney rates of $300 to $550); Order at 3, *Bowen v. CSO Financial, Inc.,* No. 17-cv-00677-JCC (W.D. Wash. July, 10, 2018), ECF No. 38 (approving fee request of Terrell Marshall, Law Firm of Paul Arons, and Leonard Law);[4] *Nugussie v. HMS Host N. Am.*, No. 2:16-cv-00268, 2018 WL 9662641, at *1 (W.D. Wash. Feb. 22, 2018) (approving attorney rates ranging from $310 to $565); *Paulson v. Principal Life Ins. Co.*, No. 16-5268 RJB, 2017 WL 4843837, at *4 (W.D. Wash. Oct. 26, 2017) (approving attorney rates of $450-$500 and a paralegal rate of $185); Order Granting Final Approval of Class Settlement at 7-8, *Rinky Dink v. World Business Lenders, LLC,* No. 2:14-cv-0268-JCC (W.D. Wash. May 31, 2016), ECF No. 92 at 7–8 (approving partner rates of $500–$650 per hour, associate rates of $250-$400 per hour, paralegal rate of $250, and litigation staff rates of $100-$200);[5] Order Granting Plaintiffs' Motion for Award of Attorneys' Fees and Expenses and Incentive Awards to Named Plaintiffs at 4, *Carideo v. Dell, Inc.*, No. 2:06-cv-01772 JLR (W.D. Wash. Dec. 17, 2010), ECF No. 162 (approving partner hourly rates of $425-$600, associate rates of $275-$295, paralegal rates of $200-$275, and litigation staff rate of $175);[6] *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1326-27 (W.D. Wash. 2009) (approving partner rates ranging from $405 to $800 and associate rates from $305 to $380).

Class Counsel's hourly rates are well within this range at $425 to $550 for partners, $300 to $325 for associates, $150 to $175 for paralegals, and $125 for litigation staff. Chandler Decl. ¶ 19, Ex. 1. Class Counsel have provided the Court with declarations describing the basis for

---

[3] Terrell Marshall's rates are set forth in the Declaration of Beth E. Terrell at ECF No. 69.
[4] The firms' rates are set forth in the attorney declarations at ECF Nos. 29, 30 and 31.
[5] Terrell Marshall's rates are set forth in the Declaration of Beth E. Terrell at ECF No. 86.
[6] Terrell Marshall's rates are set forth in the Declaration of Beth E. Terrell at ECF No. 147.

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

their hourly rates, including their education, legal experience, and reputation in the legal community. *See* Chandler Decl. ¶¶ 2-10; Arons Decl. ¶¶ 8-12; Leonard Decl. ¶¶ 8-14. Counsel set the rates for attorneys and staff members based on a variety of factors, including the experience, skill and sophistication required for the types of legal services typically performed, the rates customarily charged in the market, and the experience, reputation and ability of the attorneys and staff members. Chandler Decl. ¶ 20; Arons Decl. ¶ 5; Leonard Decl. ¶ 8. Because they are in line with rates approved in this district, Class Counsel's hourly rates are reasonable.

*c. Consideration of the relevant Kerr factors supports the requested fee.*

After calculating the lodestar, courts assess whether to adjust the lodestar figure based on twelve *Kerr* factors. *Schneider*, 2009 WL 10726662, at *4. "Only in rare circumstances should a court adjust the lodestar figure, as this figure is the presumptively accurate measure of reasonable fees." *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006).

Consideration of the relevant *Kerr* factors supports the fee request, which already reflects a negative multiplier of their lodestar. *See Dennings v. Clearwire Corp*, No. C10-1859JLR, 2013 WL 1858797, at *6 (W.D. Wash. May 3, 2013) (finding reasonable a fee with a negative multiplier between .92 and .98). Class Counsel undertook this litigation on a contingent basis and to the preclusion of work on other cases. Chandler Decl. ¶ 15; Arons Decl. ¶ 7; Leonard Decl. ¶ 15. They devoted the time and labor necessary to thoroughly investigate Plaintiffs' claims, obtain fulsome discovery from Defendants, and largely prevail on class certification and Defendants' summary judgment motions. Class Counsel also developed novel theories that resulted in greatly beneficial monetary and non-monetary relief for Class Members.

While a percentage-of-the-fund crosscheck is not required because Class Counsel's lodestar is a presumptively reasonable fee, *In re Hyundai & Kia Fuel Economy Litig.*, 926 F.3d 539, 571 (9th Cir. 2019), a fee equal to 37% of the Settlement Fund is reasonable under the circumstances. *See, e.g., Cavnar v. BounceBack, Inc.*, No. 2:45-CV-235-RMP, ECF No. 154 (E.D. Wash. Sept. 15, 2015) (approving award equaling 43% of "limited" total settlement fund of $530,000 that was less than reasonable lodestar).

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

2. Class Counsel's costs were necessarily and reasonably incurred.

Class Counsel's fee request includes reimbursement of the $10,701.82 in litigation costs they expended in prosecuting this case. As this Court has recognized, "[t]he Ninth Circuit allows recovery of pre-settlement litigation costs in the context of class action settlement. Reimbursement of reasonable costs is fully in keeping with applicable law." *Arthur v. Sallie Mae, Inc.*, No. 10-CV-00198-JLR, 2012 WL 4076119, at *2 (W.D. Wash. Sept. 17, 2012) (internal citations omitted); *see also Corson v. Toyota Motor Sales U.S.A., Inc.*, No. CV 12-8499-JGB, 2016 WL 1375838, at *9 (C.D. Cal. Apr. 4, 2016) ("Expenses such as reimbursement for travel, meals, lodging, photocopying, long-distance telephone calls, computer legal research, postage, courier service, mediation, exhibits, documents scanning, and visual equipment are typically recoverable"); *Hopkins v. Stryker Sales Corp.*, No. 11-CV-02786-LHK, 2013 WL 496358, at *6 (N.D. Cal. Feb. 6, 2013) (awarding costs for document review, depositions, and experts). Class Counsel provided the Court with a chart listing their costs by category. Chandler Decl. ¶ 21.

**B. Class Representatives request reasonable service awards.**

Service awards are "fairly typical in class actions." *Barovic v. Ballmer*, Nos. C14-0540 JCC, *et al.*, 2016 WL 199674, at *5 (W.D. Wash. Jan. 13, 2016) (citation omitted). They "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958–59 (9th Cir. 2009). Service awards "help promote the public policy of encouraging individuals to undertake the responsibility of representative lawsuits." *Byles*, 2019 WL 3936663, at *2; *see also Grace v. Apple, Inc.*, No. 17-CV-00551-LHK, 2021 WL 1222193, at *7 (N.D. Cal. Mar. 31, 2021) ("Unlike the Eleventh Circuit in *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020), the Ninth Circuit has not held that service awards violated Supreme Court decisions from the 1800s. Thus, like other courts in this district, this Court 'declines to follow *Johnson*.'" (citation omitted)). The criteria courts consider when determining whether to make an incentive award and the amount of the award include the risk to the class representative,

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

both financial and otherwise, the notoriety and personal difficulties encountered by the class representative, the amount of time and effort spent, the duration of the litigation, and the personal benefit enjoyed by the class representative as a result of the litigation. *Carideo v. Dell, Inc.*, No. 06-CV-01772-PET, 2010 WL 11530555, at *3 (W.D. Wash. Dec. 17, 2010).

Class Representatives Jammeh and Sallah request combined statutory damage and service award payments consisting of a $1,000 statutory damages award authorized by the FDCPA, 15 U.S.C. § 1692k(a)(2)(B), and $4,000 in recognition of their service to the Class. Chandler Decl. ¶ 24. Jammeh and Sallah assisted in drafting the complaints and participated extensively with their counsel in responding to written discovery, including searching for and securing documents from foreign agencies and providing four sets of supplemental responses. *Id.* Jammeh and Sallah also rejected an offer of judgment early in the case that would have mooted their claims and precluded their continued service as class representatives. *Id.* Class Representative Quintero requests a combined statutory damage and service award payment of $2,000. *Id.* Ms. Quintero provided factual and documentary information regarding the claims and assisted in drafting Plaintiff's briefing regarding the FDCPA subclass. *Id.* All three agreed to step forward and lead this litigation even though they had to disclose private information about their financial circumstances and personal lives. The service awards are at or below the Ninth Circuit's "presumptively reasonable" benchmark of $5,000. *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, No.16-MD-02752-LHK, 2020 WL 4212811, at *5 (N.D. Cal. July 22, 2020); *see also Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356 JLR, 2019 WL 5536824, at *3 (W.D. Wash. Oct. 25, 2019) (approving service award of $10,000); *Carr v. United Healthcare Servs., Inc.*, No. 2:15-cv-1105 JLR, 2017 WL 11458425, at *2 (W.D. Wash. June 2, 2017) (approving $5,000 service award); *Barovic*, 2016 WL 199674, at *5 (approving service awards of $5,000); *Pelletz*, 592 F. Supp. 2d at 1330 n.9 (compiling settlements with service awards).

## IV. CONCLUSION

Plaintiffs request that the Court grant their motion.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

RESPECTFULLY SUBMITTED AND DATED this 7th day of April, 2021.

TERRELL MARSHALL LAW GROUP

By: /s/ Blythe H. Chandler, WSBA #43387
Blythe H. Chandler, WSBA #43387
Email: bchandler@terrellmarshall.com
Beth E. Terrell, WSBA #26759
Email: bterrell@terrellmarshall.com
Ari Y. Brown, WSBA #29570
Email: abrown@terrellmarshall.com
Brittany J. Glass, WSBA #52095
Email: bglass@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450

Sam Leonard, WSBA #46498
Email: sam@seattledebtdefense.com
LEONARD LAW
3614 California Avenue SW, #151
Seattle, Washington 98116
Telephone: (206) 486-1176
Facsimile: (206) 458-6028

Paul Arons, WSBA #47599
Email: lopa@rockisland.com
LAW OFFICE OF PAUL ARONS
685 Spring Street, #104
Friday Harbor, Washington 98250
Telephone: (360) 378-6496
Facsimile: (360) 378-6498

*Class Counsel*

PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND SERVICE AWARDS - 13
Case No. 2:19-cv-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com