1

THE HONORABLE JAMES L. ROBART

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

7

ADAMA JAMMEH, OUMIE SALLAH, and
CYNTHIA QUINTERO,

Case No. 2:19-cv-00620-JLR

8

9

Plaintiffs,

**PLAINTIFFS' MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT**

10

v.

11

12

HNN ASSOCIATES, LLC, GATEWAY, LLC,
COLUMBIA DEBT RECOVERY, LLC, d/b/a
GENESIS CREDIT MANAGEMENT, LLC, and
WILLIAM WOJDAK,

**NOTED FOR HEARING:
JUNE 9, 2021 at 9:00 a.m.**

13

14

Defendants.

15

16

17

18

19

20

21

22

23

24

25

26

27

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT
Case No. 2:19-cv-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1
2

**TABLE OF CONTENTS**

3

Page No.

I.      INTRODUCTION ................................................................................................. 1

II.     PROCEDURAL HISTORY .................................................................................... 1

        A.      The litigation and settlement ................................................... 1

        B.      Preliminary approval and notice ............................................... 3

        C.      Payments to Class Members .................................................... 4

III.    ARGUMENT AND AUTHORITY ....................................................................... 4

        A.      The FDCPA Subclass should be certified for settlement purposes ................... 4

        B.      The settlement should be approved as fair, reasonable, and adequate .......... 5

                1.      The relief provided by the settlement favors approval,
                        taking into account the strength of Plaintiffs' case and
                        the risk, cost, and delay of trial and appeal .......................................... 6

                2.      The extent of discovery, stage of proceedings, and
                        recommendation of experienced counsel favor approval ................... 8

                3.      Class Members' response favors approval ............................................. 8

                4.      The Rule 23(e)(2) considerations favor approval ................................. 8

        C.      The Notice Plan complied with Rule 23 and due process. ............................ 10

IV.     CONCLUSION ................................................................................................. 12

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - i
Case No. 2:19-cv-00620-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

**TABLE OF AUTHORITIES**

2

**Page No.:**

3

4

*Cavnar v. BounceBack, Inc.,*
   No. 2:45-CV-235-RMP, ECF No. 154 (E.D. Wash. Sept. 15, 2015) ................................ 7

5

6

*Churchill Village, L.L.C. v. Gen. Elec.,*
   361 F.3d 566 (9th Cir. 2004) .................................................................................. 5

7

8

*Edwards v. Andrew,* -- F. App'x --,
   2021 WL 1626519 (9th Cir. Apr. 27, 2021) ................................................... 11

9

10

*Estate of Brown v. Consumer Law Assocs.,*
   No. 11-cv-0194-TOR, 2013 WL 2285368 (E.D. Wash. May 23, 2013).......................... 7

11

*Hanlon v. Chrysler Corp.,*
   510 F.3d 1011 (9th Cir. 1998) ...................................................................... 8

12

13

*In re Anthem, Inc. Data Breach Litig.,*
   327 F.R.D. 299 (N.D. Cal. 2018) .................................................................. 8

14

15

*In re Bluetooth Headset Prod. Liab. Litig.,*
    654 F.3d 935 (9th Cir. 2011) ............................................................... 5, 9

16

17

*In re Hyundai and Kia Fuel Econ. Litig.,*
   926 F.3d 539 (9th Cir. 2019) ..................................................................... 11

18

19

*In re Mego Fin. Corp. Sec. Litig.,*
   213 F.3d 454 (9th Cir. 2000) ...................................................................... 7

20

*In re Mercury Interactive Corp.,*
   618 F.3d 988 (9th Cir. 2010) ...................................................................... 9

21

22

*In re Syncor ERISA Litig.,*
   516 F.3d 1095 (9th Cir. 2008) .................................................................... 5

23

24

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.,*
   895 F.3d 597 (9th Cir. 2018) ...................................................................... 6

25

26

*Knapp v. Art.com, Inc.,*
   283 F. Supp. 3d 823 (N.D. Cal. 2017) ....................................................... 7

27

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - ii
Case No. 2:19-cv-00620-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Linney v. Cellular Alaska P'ship*,
    151 F.3d 1234 (9th Cir. 1998) ................................................................................ 8

*Mullane v. Central Hanover Bank & Trust Co.*,
    339 U.S. 306 (1950) ........................................................................................... 11

*Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*,
    221 F.R.D. 523 (C.D. Cal. 2004) ......................................................................... 7

*Officers for Justice v. Civil Service Comm'n of City and County of San Francisco*,
    688 F.2d 615 (9th Cir. 1982) ............................................................................. 6

*Radcliffe v. Hernandez*,
    794 F. App'x 605 (9th Cir. 2019),
    *cert. denied sub nom. Radcliffe v. Experian Info. Sols., Inc.*, 141 S. Ct. 87 (2020) ....... 10

*Rinky Dink, Inc. v. World Business Lenders*,
    Case No. C14-0268-JCC, 2016 WL 3087073 (W.D. Wash. May 31, 2016) .................... 8

*Rodriguez v. West Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ......................................................................... 5, 7

*Slezak v. City of Palo Alto*,
    No. 16-cv-3224-LHK, 2017 WL 2688224 (N.D. Cal. June 22, 2017) .............................. 8

**FEDERAL RULES AND STATUTES**

Fed. R. Civ. P. 23 ..................................................................................................... 12

Fed. R. Civ. P. 23(a) .................................................................................................. 4

Fed. R. Civ. P. 23(b)(3) ........................................................................................ 4, 10

Fed. R. Civ. P. 23(c)(2)(B) ................................................................................... 10, 11

Fed. R. Civ. P. 23(e) .................................................................................................. 5

Fed. R. Civ. P. 23(e)(1) .............................................................................................. 10

Fed. R. Civ. P. 23(e)(2) ........................................................................................... 6, 8

Fed. R. Civ. P. 23(e)(3) .............................................................................................. 6

15 U.S.C. § 1692k(a)(2)(B) ........................................................................................ 10

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## I.      INTRODUCTION

Plaintiffs Adama Jammeh, Oumie Sallah, and Cynthia Quintero move for final approval of their settlement with Defendants HNN Associates, LLC, Gateway, LLC, Columbia Debt Recovery, LLC, and William Wojdak. The settlement requires Defendants to pay $1,600,000 to establish a non-reversionary Settlement Fund.[1] The fund will be used to make payments to Class Members and to pay Court-approved administration costs, attorneys' fees and costs, and combined service awards and statutory damages payments to the Class Representatives. Class Members for whom the administrator has a deliverable address will receive a share of the Settlement Fund that corresponds to the amount of their security deposits HNN retained and interest CDR collected, as well as FDCPA statutory damages. Not only will Class Members recover more than 90% of the security deposits retained and interest paid, they will receive relief from future collection efforts as well as corrections to their credit reports and partial satisfactions of judgments entered against them.

The settlement is an excellent result for Class Members, and consideration of the applicable factors confirms that it is fair, adequate, and reasonable. Plaintiffs request that the Court grant final approval of the settlement.

## II.      PROCEDURAL HISTORY

**A.      The litigation and settlement.**

Plaintiffs filed this lawsuit in King County Superior Court on March 7, 2019, and filed an amended complaint on April 25, 2019. Dkt. No. 1. After Defendants removed the action to this Court, Plaintiffs sought and were granted leave to amend to add class action allegations. Dkt. Nos. 12, 19. Plaintiffs allege that CDR's practices of (1) collecting and threatening to collect unlawful move-out fees; (2) adding unlawful or exaggerated interest charges; and (3) threatening Plaintiffs with impairment of their credit ratings violated the Collection Agency Act,

---

[1] Unless otherwise noted, all capitalized terms have the definitions set forth in the Settlement Agreement and Release attached as Exhibit 1 to the Chandler Declaration.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 1
Case No. 2:19-cv-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

and were therefore *per se* violations of the Consumer Protection Act. *Id.* ¶¶ 6.1–6.16. Plaintiffs also alleged that CDR's collection practices with respect to HNN's former tenants violated the FDCPA. *Id.* ¶¶ 6.17–6.35. Plaintiffs allege HNN violated the Residential Landlord-Tenant Act by collecting security deposits without providing complete move-in checklists and failing to provide statements within 21 days following move-out containing HNN's "full and specific" basis for retaining tenants' security deposits. *Id.* ¶¶ 6.51–6.56. Plaintiffs also allege that HNN forfeited tenant security deposits in violation of the CPA. *Id.* ¶¶ 6.36–6.50.

For a year and a half after filing the parties engaged in substantial discovery, including several disputes that required Court resolution. Chandler Decl. ¶ 2; Dkt. Nos. 40, 43, 88. The parties exchanged multiple rounds of written discovery requests. Chandler Decl. ¶ 2. Plaintiffs obtained and analyzed payment data and documents regarding CDR's collection policies and procedures, HNN's move-in/move-out policies and procedures and emails between HNN and CDR related to those practices. Dkt. Nos. 85–89; Chandler Decl. ¶ 3. Plaintiffs deposed representatives of HNN and CDR. Chandler Decl. ¶ 4. Plaintiffs also sought information via public records requests and subpoenas duces tecum to third parties. *Id.*

Plaintiffs moved for class certification in April 2020. Dkt. Nos. 54-58; *see also* Dkt. Nos. 66-67, 70-72, 77-82. The Court granted the motion, certifying HNN Classes and a CDR Class but reserving consideration of an FDCPA subclass pending supplemental briefing on the merits and a subclass. Dkt. No. 105. CDR also filed a motion for summary judgment that the Court denied in large part. Dkt. No. 83.

The parties engaged in a full day of mediation on October 19, 2020, with the assistance of experienced mediator Louis Peterson of Hillis Clark Martin & Peterson P.S. Chandler Decl. ¶ 5. The parties did not reach a settlement during mediation, but continued arm's length negotiations with Mr. Peterson's assistance. *Id.* The parties agreed to the key terms of the settlement on November 12, 2020, and fully executed the Settlement Agreement on December 16, 2020. *Id.* ¶ 5, Ex. 1 (Settlement Agreement).

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    The proposed settlement requires Defendants to pay $1,600,000 into a Settlement Fund

2  that will be used to pay Settlement Awards to all Settlement Class Members, combined service

3  award and statutory damages payments to Class Representatives, attorneys' fees and expenses,

4  and settlement administration costs estimated at $27,067. Settlement Agreement § III.1.

5  Settlement Class Members for whom the Class Administrator has a deliverable mailing address

6  will receive a single cash award, after court-approved expenses for Class Administration,

7  Plaintiffs' service and statutory damages awards and attorneys' fees and costs are deducted

8  from the Settlement Fund. The amount of each Settlement Class Member's payment will be

9  their pro rata share of the cash portion of the Settlement Fund based on their alleged damages.

10  Plaintiffs propose to allocate $30,000 to payment of statutory damages under the FDCPA based

11  on the most recent information they have regarding CDR's net worth.

12    Defendants have also agreed to provide significant non-monetary relief. The Settlement

13  Agreement requires CDR to cease collecting amounts in excess of the principal balances, correct

14  credit reporting, and enter partial satisfactions of judgments obtained against class members.

15  Settlement Agreement § III.6.

16  **B.    Preliminary approval and notice.**

17    Plaintiffs moved for preliminary approval of the settlement on January 14, 2021. Dkt.

18  Nos. 116-119. The Court granted the motion on February 4, 2021. Dkt. No. 121. Among other

19  things, the Court appointed P&N to serve as Class Administrator and approved the proposed

20  Notice Plan, including the proposed Postcard Notice and Website Notice. *Id.* ¶¶ 5-7. P&N

21  implemented the Notice Plan outlined in the Settlement Agreement and approved by the

22  Court. *See generally* Aldridge Decl. A total of 2,605 Class Members, or 75.4% of the Class,

23  received direct notice. *Id.* ¶ 12. Class Members had sixty days from the March 8, 2021

24  Settlement Notice Date, or until May 7, 2021, to opt out of the Class or to submit objections.

25  Dkt. No. 120 ¶ 8; Settlement Agreement § II.11–12, VIII.1, IX.1.

26    No Class Member objected to the settlement. Only three Class Members submitted

27  exclusion requests. Aldridge Decl. ¶ 14; Ex. 4. All exclusion requests were timely. *Id.* One of the

1 opt outs was made by Turnham Law, PLLC on behalf of their client, Class Member Kianna Hall,

2 who has sued HNN for similar claims. *Id.* Ex. 4. HNN disputes the validity of this exclusion

3 request, presumably because it was not signed by the Class Member and does not include her

4 address as required by Section VIII.3. of the Settlement Agreement. Plaintiffs believe the opt

5 out should be accepted because it otherwise complies with the requirements for exclusion and

6 is not the result of a "mass opt-out" campaign.

7 **C.      Payments to Class Members.**

8        Plaintiffs have moved for an award of attorneys' fees and expenses in the amount of

9 $600,000 and service award and statutory damages payments to the Class Representatives

10 totaling $12,000 ($5,000 each for Jammeh and Sallah and $2,000 for Quintero). Dkt. Nos. 121-

11 124. If the administration costs, attorneys' fees, and service award amounts requested are

12 approved, the net fund to pay settlement awards will be $960,333. After the $30,000 that

13 Plaintiffs request be allocated to FDCPA statutory damages and paid in pro rata shares to the

14 CDR FDCPA Subclass members is deducted, there is a fund of $930,933 to pay awards based on

15 the amounts of security deposits HNN retained and interest CDR collected.

16        P&N has completed a preliminary calculation to determine each Settlement Class

17 Member's payment. As of May 25, the average payment is anticipated to be $417.25, with

18 payments ranging from $0.14 to $2,603.24. Aldridge Decl. ¶ 13. Members of the HNN Class and

19 CDR Class are expected to receive 92.2% of any amount of the security deposits that were not

20 refunded or interest paid to CDR. *Id.* FDCPA Subclass Members are expected to receive an

21 additional $48.23. *Id.*

22              **III.      ARGUMENT AND AUTHORITY**

23 **A.      The FDCPA Subclass should be certified for settlement purposes.**

24        In their motion for preliminary approval, Plaintiffs demonstrated that the FDCPA

25 subclass satisfies the requirements of Rule 23(a) and (b)(3). The Court considered Plaintiffs'

26 argument and evidence and concluded that, for settlement purposes only, the FDCPA Subclass

27

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 4
Case No. 2:19-cv-00620-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1   satisfies the Rule 23 requirements for the reasons set forth in its order certifying the CDR Class.

2   Plaintiffs request that the Court confirm its findings and certify the FDCPA Subclass for

3   settlement purposes.

4   **B.**    **The settlement should be approved as fair, reasonable, and adequate.**

5        Settlements are favored, particularly in the class action context. *In re Syncor ERISA Litig.*,

6   516 F.3d 1095, 1101 (9th Cir. 2008) ("[T]here is a strong judicial policy that favors settlements,

7   particularly where complex class action litigation is concerned."). Courts recognize that a

8   settlement approval hearing should not "reach any ultimate conclusions on the contested

9   issues of fact and law which underlie the merits of the dispute, for it is the very uncertainty of

10   outcome in litigation and avoidance of wasteful and expensive litigation that induce consensual

11   settlements." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 964 (9th Cir. 2009).

12        Proposed class action settlements are not effective unless approved by the Court. Fed.

13   R. Civ. P. 23(e). When evaluating a class settlement, courts consider (1) the strength of the

14   plaintiff's case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the

15   risk of maintaining class action status throughout the trial; (4) the amount offered in

16   settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the

17   experience and views of counsel; (7) the presence of a governmental participant; and (8) the

18   reaction of the class members of the proposed settlement. *In re Bluetooth Headset Prod. Liab.*

19   *Litig.,* 654 F.3d 935, 946 (9th Cir. 2011) (quoting *Churchill Village, L.L.C. v. Gen. Elec.,* 361 F.3d

20   566, 575 (9th Cir. 2004)).

21        In addition to the *Churchill* factors, Rule 23 requires courts consider whether: (A) the

22   class representatives and class counsel have adequately represented the class; (B) the proposal

23   was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into

24   account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed

25   method of distributing relief to the class, including the method of processing class-member

26   claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment;

27

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal

2  treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

3       Despite this "lengthy but non-exhaustive list of factors that a district court may consider

4  when weighing a proposed settlement," "there are few, if any hard-and-fast rules about what

5  makes a settlement 'fair' or 'reasonable.'" *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs.,*

6  *& Prod. Liab. Litig.*, 895 F.3d 597, 610 (9th Cir. 2018). "The district court's task in reviewing

7  a settlement is to make sure it is 'not the product of fraud or overreaching by, or collusion

8  between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable

9  and adequate to all concerned.'" *Id.* at 617 (quoting *Officers for Justice v. Civil Service Comm'n*

10 *of City and County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982)). "Deciding whether

11 a settlement is fair is ultimately 'an amalgam of delicate balancing, gross approximations and

12 rough justice,' best left to the district judge, who has or can develop a firsthand grasp of the

13 claims, the class, the evidence, and the course of the proceedings—the whole gestalt of the

14 case. Accordingly, 'the decision to approve or reject a settlement is committed to the sound

15 discretion of the trial judge.'" *Id.* at 611 (citations omitted). Consideration of the relevant

16 factors and "the whole gestalt of the case" confirms that the settlement is fair, reasonable, and

17 adequate.

18       1.   <u>The relief provided by the settlement favors approval, taking into account the</u>
19            <u>strength of Plaintiffs' case and the risk, cost, and delay of trial and appeal.</u>

20       The $1,600,000 settlement is an outstanding result for Class Members, who were

21 unlikely to recover any of the fees and deposits they paid to Defendants without this litigation

22 and who, in many cases, faced ongoing collection efforts and damaged credit.

23       If the Court approves the requested attorneys' fees, costs, and service awards, the

24 remaining fund of $930,933 to pay awards is roughly equal to 92% of the total amounts of

25 security deposits retained and interest collected from Class Members. Aldridge Decl. ¶ 13. The

26 average payment is anticipated to be $417.25, with payments ranging from $0.14 to $2,603.24.

27 *Id.* The FDCPA Subclass Members will each receive an additional payment of approximately $48,

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 6
Case No. 2:19-cv-00620-JLR

representing their pro rata share of the statutory damages. *Id.* Class Members will also benefit

from the significant non-monetary relief that Defendants have agreed to provide. CDR will

cease collecting amounts in excess of the principal balances, correct credit reporting, and enter

partial satisfactions of judgments obtained against Class Members. Settlement Agreement

§ III.6.

Class Members' recoveries exceed similar settlements approved by other courts. *See*

*Knapp v. Art.com, Inc.*, 283 F. Supp. 3d 823, 833 (N.D. Cal. 2017) (approving settlement of

consumer class action that provided 42% of the average total potential recovery and injunctive

relief); *Cavnar v. BounceBack, Inc.*, No. 2:45-CV-235-RMP, ECF No. 154 (E.D. Wash. Sept. 15,

2015) (approving settlement providing 15.6% of alleged unlawful collection fees paid by class

members alleging FDCPA and Consumer Protection Act violations); *Estate of Brown v. Consumer*

*Law Assocs.*, No. 11-cv-0194-TOR, 2013 WL 2285368, at *3 (E.D. Wash. May 23, 2013)

(approving settlement of class claims under Consumer Protection Act paying class members and

estimated 30% of funds collected for challenged debt adjusting practices); *In re Mego Fin. Corp.*

*Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (affirming the district court's approval of a

settlement estimated to be worth between 1/6 and 1/2 of class members' estimated loss).

The recovery Plaintiffs obtained for Class Members is especially remarkable given the

risks inherent in any litigation and in this litigation in particular. Plaintiffs' claims are novel and

untested and depend on information from more than 40,000 pages of move-out files

Defendants produced. Defendants challenged Plaintiffs' claims at every step, asserting fifteen

affirmative defenses. Dkt. No. 31 ¶¶ 8.1–8.15. Briefing of Mr. Wodjak's motion for summary

judgment was not complete and Plaintiffs anticipated that HNN and Gateway would file

dispositive motions if litigation continued. If Plaintiffs' claims survived summary judgment, they

faced the cost and risk of trial and, if successful, appeals. The settlement provides prompt and

certain relief for Class Members. *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir.

2009); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) ("The

Court shall consider the vagaries of litigation and compare the significance of immediate

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 7
Case No. 2:19-cv-00620-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    recovery by way of the compromise to the mere possibility of relief in the future, after

2    protracted and expensive litigation." (citation omitted)).

3        2.    The extent of discovery, stage of proceedings, and recommendation of
4              experienced counsel favor approval.

5        The parties negotiated the settlement after a significant amount of discovery and

6    motion practice, arming them with strong insight into the strengths and weaknesses of their

7    respective positions. *See Rinky Dink, Inc. v. World Business Lenders*, Case No. C14-0268-JCC,

8    2016 WL 3087073, at *3 (W.D. Wash. May 31, 2016) ("A key inquiry is whether the parties had

9    enough information to make an informed decision about the strength of their cases and the

10   wisdom of settlement."). Class Counsel, who are experienced in litigating and resolving class

11   action cases, strongly support the settlement. Chandler Decl. ¶ 7; *see also Hanlon v. Chrysler

12   Corp.*, 510 F.3d 1011, 1026 (9th Cir. 1998) ("the extent of discovery completed and the stage of

13   the proceedings" as well as "the experience and views of counsel" are relevant to approval of

14   settlement); *see also Slezak v. City of Palo Alto*, No. 16-cv-3224-LHK, 2017 WL 2688224, at *4

15   (N.D. Cal. June 22, 2017) ("So long as the parties have 'sufficient information to make an

16   informed decision about settlement,' this factor will weigh in favor of approval." (quoting

17   *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir. 1998))).

18       3.    Class Members' response favors approval.

19       More than 75% of Class Members received direct notice of the settlement. Aldridge

20   Decl. ¶ 12. No Class Member objected to the settlement terms, and only three Class Members

21   chose to opt out. *Id.* ¶ 14, Ex. 4. Class Members' response to the settlement favors approval.

22   *See In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 320-21 (N.D. Cal. 2018) (finding that

23   low rates of objections and opt-outs are 'indicia of the approval of the class'" (citation

24   omitted)).

25       4.    The Rule 23(e)(2) considerations favor approval.

26       The considerations outlined in Rule 23(e)(2) also support final approval of the

27   settlement. The first consideration is the adequacy of Plaintiffs' and their counsel's

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

representation of the Settlement Class. In granting class certification, the Court concluded that Plaintiffs were adequate class representatives. Dkt. No. 105 at 29. In granting preliminary approval of the settlement, the Court found that Ms. Quintero is an adequate representative of the CDR FDCPA Subclass. Dkt. No. 120 at 3. Class Counsel have devoted a great deal of time and resources to representing Class Members and negotiating a favorable settlement of their claims. This consideration therefore supports approval.

The second consideration also supports approval because the settlement was negotiated at arms' length. The Court is aware of the hard-fought nature of this litigation, which involved disputed discovery issues and motions, and the parties approached settlement discussions in the same way. None of the "red flags" of potential collusion the Ninth Circuit has identified exist in this case. *See In re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011) (noting that plaintiffs' counsel may have allowed pursuit of their own self-interest to infect settlement negotiations when they receive a disproportionate portion of the settlement, the parties agree to a "clear sailing" arrangement providing for the payment of attorneys' fees separate and apart from class funds, or the parties agree that any fees not awarded will revert to defendants rather than be added to the class fund).

The third consideration also supports settlement. As discussed above, the $1.6 million Settlement Fund combined with the significant non-monetary relief that Defendants have agreed to provide is more than adequate to warrant approval, particularly in light of the costs, risks and delay of trial and appeal. Settlement Class Members do not have to file claims to receive payments from the Settlement Fund. P&N will distribute the Settlement Fund as provided by the Settlement Agreement. Settlement Agreement § IV.

Plaintiffs address the reasonableness of the requested attorneys' fees in the motion they filed on April 7, 2021, which was 30 days before the May 7 deadline for Settlement Class Members to opt out or object in compliance with *In re Mercury Interactive Corp.*, 618 F.3d 988, 994 (9th Cir. 2010). Dkt. No. 121. The Court has ultimate discretion over the amount of the attorneys' fee award after reviewing Class Counsel's motion. Any requested fees or Service

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 9
Case No. 2:19-cv-00620-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1  Awards not approved by the Court will be distributed to Settlement Class Members. Settlement

2  Agreement § III.1.

3  Finally, the fourth consideration also supports approval. The distribution plan ensures

4  that Settlement Class Members will be treated equitably relative to each other. *See Radcliffe v.*

5  *Hernandez*, 794 F. App'x 605, 607 (9th Cir. 2019) ("Rule 23's flexible standard allows for the

6  unequal distribution of settlement funds so long as the distribution formula takes account of

7  legitimate considerations and the settlement remains "fair, reasonable, and adequate."

8  (quoting Fed. R. Civ. P. 23(e)(2)), *cert. denied sub nom. Radcliffe v. Experian Info. Sols., Inc.*, 141

9  S. Ct. 87 (2020). Each Settlement Class Member's share will be based on his or her actual

10  damages. Settlement Agreement § III.3. HNN Class Members will receive payments calculated

11  pro rata based on the amounts of their security deposits retained by HNN. *Id.* § III.3.a. CDR

12  Class Members will receive payments calculated pro rata based on the amounts they paid to

13  CDR in interest or other collections costs or fees. *Id.*§ III.3.b. And CDR FDCPA Subclass Members

14  will receive additional payments equaling their pro rata share of the amount of the Settlement

15  Fund allocated to FDCPA statutory damages. *Id.* § III.3.c. Under the FDCPA, statutory damages

16  for absent class members are limited to $500,000 or 1% of CDR's net worth, whichever is less.

17  15 U.S.C. § 1692k(a)(2)(B). CDR's net worth is approximately $3,000,000. Chandler Decl. ¶ 8.

18  Finally, Settlement Class Members will benefit from the injunctive relief that will curtail many of

19  the allegedly violative practices in this action.

20  **C.   The Notice Plan complied with Rule 23 and due process.**

21  The Notice Plan approved by the Court and implemented by P&N satisfied the

22  requirements of Rule 23 and due process. Rule 23 provides that "[t]he court must direct notice

23  in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ.

24  P. 23(e)(1). When the class is certified under Rule 23(b)(3), the notice must also be the "best

25  notice practicable under the circumstances, including individual notice to all members who can

26  be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). To comply with

27  constitutional due process standards, the notice must be "reasonably calculated, under all the

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 10
Case No. 2:19-cv-00620-JLR

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

The Court-approved Notice Plan satisfied these requirements. The Notices provided Class Members with information about the litigation, the certified Class and Subclass, the claims and defenses, how to object, opt out, and appear at the Fairness Hearing, and the binding effect of a class judgment. Fed. R. Civ. P. 23(c)(2)(B); *see also In re Hyundai and Kia Fuel Econ. Litig.*, 926 F.3d 539, 567 (9th Cir. 2019) ("settlement notices must 'present information about a proposed settlement neutrally, simply, and understandably'" (citation omitted)). The Notices gave Class Members "enough information so that those with adverse viewpoints could investigate and come forward and be heard." *In re Hyundai*, 926 F.3d at 568 (citation omitted).

P&N sent the Postcard Notice to 3,191 Class Members directly through first class mail using the most recent address information available based on Defendants' records and the USPS National Change of Address database. Aldridge Decl. ¶¶ 8, 12. Of those, 960 were returned as undeliverable and P&N re-mailed the Postcard Notice to 550 Class Members after performing an advanced address search. *Id.* ¶ 12. In total, 2,605 Class Members, or 75.4% of the Class, received direct notice. *Id.*; *see also Edwards v. Andrew*, -- F. App'x --, 2021 WL 1626519, at *1 (9th Cir. Apr. 27, 2021) (affirming finding "that the plaintiffs' class notice satisfied Federal Rule of Civil Procedure 23 and due process because, among other things, the plaintiffs' expert opined that at least 75 percent of the class received notice"). P&N also established a Settlement Website at www.SecurityDepositSettlement.com with detailed information about the settlement, including the Website Notice, the Settlement Agreement, the complaint, the opt-out form, and motions and orders relating to the settlement. Aldridge Decl. ¶ 10. P&N posted Plaintiffs' motion for attorneys' fees, costs, and service awards on the Settlement Website on April 8, 2021. *Id.* The Settlement Website had 236 unique views as of May 25, 2021. *Id.* The Postcard Notice, Website Notice, and Settlement Website also provided contact information for Class Counsel and the Class Administrator.

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 11
Case No. 2:19-cv-00620-JLR

1    Because the Notice Plan approved by the Court was faithfully executed by P&N and

2    complies with Rule 23 and due process, the settlement should be approved.

3                              **IV.     CONCLUSION**

4        Plaintiffs request that the Court finally certify the CDR FDCPA Subclass and approve the

5    settlement as fair, reasonable and adequate.

6

7        RESPECTFULLY SUBMITTED AND DATED this 26th day of May, 2021.

8                                    TERRELL MARSHALL LAW GROUP

9
                                    By: /s/ Beth E. Terrell, WSBA #26759
10                                       Beth E. Terrell, WSBA #26759
                                         Email: bterrell@terrellmarshall.com
11                                       Blythe H. Chandler, WSBA #43387
                                         Email: bchandler@terrellmarshall.com
12                                       Ari Y. Brown, WSBA #29570
                                         Email: abrown@terrellmarshall.com
13                                       936 North 34th Street, Suite 300
                                         Seattle, Washington 98103-8869
14                                       Telephone: (206) 816-6603
                                         Facsimile: (206) 319-5450
15

16

17                                       Sam Leonard, WSBA #46498
                                         Email: sam@seattledebtdefense.com
18                                       LEONARD LAW
                                         3614 California Avenue SW, #151
19                                       Seattle, Washington 98116
                                         Telephone: (206) 486-1176
20                                       Facsimile: (206) 458-6028

21

22                                       Paul Arons, WSBA #47599
                                         Email: lopa@rockisland.com
23                                       LAW OFFICE OF PAUL ARONS
                                         685 Spring Street, #104
24                                       Friday Harbor, Washington 98250
                                         Telephone: (360) 378-6496
25                                       Facsimile: (360) 378-6498

26
                                         *Class Counsel*
27

PLAINTIFFS' MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 12
Case No. 2:19-cv-00620-JLR