THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ADAMA JAMMEH, OUMIE SALLAH, and CYNTHIA QUINTERO,<br><br>Plaintiffs,<br><br>v.<br><br>HNN ASSOCIATES, LLC, GATEWAY, LLC, COLUMBIA DEBT RECOVERY, LLC, d/b/a GENESIS CREDIT MANAGEMENT, LLC, and WILLIAM WOJDAK,<br><br>Defendants. | NO. 2:19-cv-00620-JLR<br><br>[~~PROPOSED~~] FINAL APPROVAL ORDER |

This matter came before the Court on consideration of Plaintiffs' Motion for Final Approval of Class Action Settlement (Dkt. # 128) and Class Counsel's Motion for an Award of Fees, Costs, and Class Representative Statutory and Service Awards (Dkt. # 121). After considering the motions and the declarations and exhibits submitted with the motions, the Court enters this Final Approval Order ("Final Approval Order"), which constitutes a final adjudication on the merits of all claims of the Classes and Subclass. It is HEREBY ORDERED that the motions are GRANTED, the Settlement Agreement and Release ("Agreement") is finally approved, Class Counsel are awarded $600,000 in fees and expenses, Plaintiffs Adama Jammeh and Oumie Sallah are each awarded $5,000 for statutory damages and service awards, and Plaintiff Cynthia Quintero is awarded $2,000 for a statutory damages and service award.

[~~PROPOSED~~] FINAL APPROVAL ORDER - 1
CASE NO. 2:19-CV-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

On February 4, 2021, the Court preliminarily approved the Agreement and directed that notice be given to the Class (Dkt. No. 120). Pursuant to the notice requirements set forth in the Agreement and Preliminary Approval Order, Class Members were notified of the terms of the proposed Agreement, of their right to opt out, and of their right to object and be heard at a Final Approval Hearing to determine whether the terms and conditions of the Agreement are fair, reasonable, and adequate for the release of the claims contemplated by the Agreement; and whether judgment should be entered dismissing this action with prejudice.

The Court has reviewed and considered all papers filed in support of and in opposition to the settlement, and all exhibits thereto, and held a hearing after notice was sent to the Classes in order to confirm that the settlement is fair, reasonable, and adequate, and to determine whether the Final Approval Order should be entered in this action pursuant to the terms and conditions set forth in the Agreement ("Final Approval Hearing") on <u>June 9, 2021 at 9:00 a.m.</u> At the Final Approval Hearing, the parties and all interested persons were heard in support of and in opposition to the settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the Classes. The definitions and provisions of the Agreement are incorporated in this Order as though fully set forth herein.

2. In its class certification order, the Court certified the following Classes:

> **HNN CLASSES**: Former tenants of an HNN managed property in Washington who moved in before February 1, 2019 and:
>
> (1) who moved out on or after July 12, 2017, and from whom HNN collected a deposit or security without providing a move-in checklist that stated the condition of the walls, floors, countertops, carpets, and appliances in the unit (the "Move-In Form" Class); or
>
> (2) who moved out on or after July 12, 2017, and to whom HNN mailed a statement of HNN's basis for retaining a deposit more than 21-days after the tenant moved out of an HNN-managed unit (the "Late Statement" Class); or

[PROPOSED] FINAL APPROVAL ORDER - 2
CASE NO. 2:19-CV-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(3) who moved in to an HNN managed property after July 31, 2016, and whose deposit was forfeited by HNN (the "Forfeiture Class").

**CDR CLASS**: All former tenants of an HNN managed property in Washington whose accounts HNN placed with CDR between February 13, 2017 and January 31, 2019, and to whom CDR sent at least one written collection demand.

Dkt. No. 105 at 57. In its Preliminary Approval Order, the Court also found that the FDCPA Subclass satisfies the requirements of Rule 23(a) and (b)(3) and certified the following Subclass:

**CDR FDCPA SUBCLASS**: All members of the CDR Class to whom CDR sent at least one written collection demand on or after July 12, 2018.

Dkt. No. 120

3. The Court reaffirms its appointment of Adama Jammeh, Oumie Sallah, and Cynthia Quintero as Class Representatives (Dkt. Nos. 105 at 58, 120 at 3), and the Terrell Marshall Law Group, The Law Office of Paul Arons, and Leonard Law, as Class Counsel (*id.*).

4. The Court finds that the notice given to Class Members fully and accurately informed Class Members of all material elements of the settlement and constituted valid, sufficient, and due notice to all Class Members. The notice fully complied with due process, Rule 23 of the Federal Rules of Civil Procedure, and all other applicable law.

5. The settlement requires Defendants to establish a Settlement Fund in the amount of $1,600,000 that the parties propose to use to: make payments to all Settlement Class Members with a deliverable address who did not timely exclude themselves from the settlement; pay the Class Administrator the costs of notice and settlement administration expenses; pay statutory damages and service awards to the Class Representatives in amounts approved by the Court; and pay Class Counsel's attorneys' fees and expenses, in amounts approved by the Court. The Settlement Fund is non-reversionary and any amounts remaining in the Settlement Fund after the deadline to cash checks has expired shall be distributed in a second distribution, if feasible, or else disbursed to Washington Community Action Network

[PROPOSED] FINAL APPROVAL ORDER - 3
CASE NO. 2:19-CV-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

(Washington CAN) and Mary's Place, two non-profit organizations dedicated to expanding access to and helping people with finding safe and affordable rental housing.

6.   Defendants are ordered to comply with the non-monetary relief required by the Settlement as follows:

    a.   Within thirty (30) days of full execution of this Settlement Agreement, CDR shall cease all efforts to collect any amounts in excess of the Principal allegedly owed by Class Members on their HNN accounts.

    b.   To the extent that CDR is furnishing information regarding the Settlement Class Members' HNN Accounts, within thirty (30) days of the Effective Date, CDR shall request deletion of all tradelines relating to Settlement Class Members' HNN accounts that CDR or any related person or entity has reported to any "consumer reporting agency" as that term is defined in 15 U.S.C. 1681 ("Credit Bureaus") and will not re-report any of these alleged debts. The request will be submitted via a "Universal Data Form" or other similar written form. CDR's sole obligation shall be to submit the request to suppress the reporting of tradeline(s) associated with the Settlement Class Members' HNN Accounts, if any. Consumer reporting agencies are separate entities from CDR. Accordingly, CDR is not responsible for the performance of any of the consumer reporting agency with respect to changing, deleting, suppressing, or making entries regarding any credit information or other information regarding Settlement Class Members' or any HNN Accounts. CDR shall not have a continuing obligation to follow up with consumer reporting agencies to insure deletion of any tradeline(s) related to the Settlement Class Members' HNN Accounts. It is understood that HNN shall not have any responsibility with respect to the deletion of any tradelines.

[PROPOSED] FINAL APPROVAL ORDER - 4
CASE NO. 2:19-CV-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

c. Within thirty (30) days of the Effective Date, CDR shall file satisfactions of any judgment CDR has obtained against Settlement Class Members on their HNN accounts in excess of the Principal. Courts and Judges are separate entities from CDR. Accordingly, CDR is not responsible for the performance of any Court or Judge with respect to changing, modifying or revising any judgment. CDR shall not have an obligation beyond filing and requesting modification of the judgment in compliance with RCW 4.56.100(1).

d. Within thirty (30) days of the Effective Date, CDR shall cease to add prejudgment interest on HNN accounts.

7. The Court finally approves the Agreement, including the plans for implementation and distribution of the Settlement Fund, and the prospective relief, and finds that it is in all respects fair, reasonable, adequate, and in the best interest of the Class Members and the result of extensive arm's length negotiations. The parties dispute the validity of the claims in the action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Agreement to be fair, reasonable, and adequate. Had the parties continued to litigate, it is likely that Defendants would have filed dispositive motions related to Class Members' claims. And Class Members would have faced the risk and expense of trial, as well as possible appeals of the Court's class certification order and any other dispositive rulings. Class Counsel find the Settlement to be in the best interests of the Classes. For all these reasons, the Court finds that the uncertainties and expense of continued litigation in both the trial and appellate courts weigh in favor of settlement approval. In making this determination, the court has considered the criteria set forth in the recently amended Federal Rule of Civil Procedure 23, and the factors outlined in *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575–76 (9th Cir. 2004).

8. The parties, their counsel, and the Class Administrator shall fulfill their obligations and duties under the Agreement. The Agreement and every term and provision

[PROPOSED] FINAL APPROVAL ORDER - 5
CASE NO. 2:19-CV-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

9. The Court dismisses with prejudice this action, the Released Claims, and the Released Parties, and adjudges that the Released Claims are released against the Released Parties.

10. The Court adjudges that Plaintiffs and the Settlement Class Members are deemed to have fully, finally, completely, and forever released, relinquished, and discharged the Released Claims against the Released Parties.

11. The Class Administrator executed the Notice Plan according to the terms of the Agreement. The notices apprised the Class Members of the pendency of the litigation; of all material elements of the proposed settlement, including but not limited to the relief afforded the Classes under the Agreement; of the res judicata effect on members of the Classes and of their opportunity to object to, comment on, or opt out of, the settlement; of the identity of Class Counsel and Class Counsel's contact information; and of the right to appear at the Final Approval Hearing. The notice given to Class Members satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process. Accordingly, the Court determines that all Settlement Class Members are bound by this Final Approval Order.

12. The following individuals who timely submitted valid requests for exclusion are excluded from the Settlement Classes and are not bound by this Final Approval Order: Sebia Green and Laqurisha Russ. The Court, however, finds that the purported request for exclusion submitted by Kianna Hall is invalid. First, Ms. Hall's original request, which was submitted by her attorney, did not include Ms. Hall's address or signature and therefore did not comply with the requirements for exclusion set forth in the Agreement. Second, Ms. Hall's amended request, which was submitted to the Court by Class Counsel, was untimely. Therefore, Ms. Hall is included in the Settlement Class and is bound by this Final Approval Order.

13. No Class Members objected to the Settlement.

[PROPOSED] FINAL APPROVAL ORDER - 6
CASE NO. 2:19-CV-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

14. All persons who have not made their objections to the settlement in the manner provided in the Agreement are deemed to have waived any objections by appeal, collateral attack, or otherwise.

15. Within thirty (30) days of the date of this Order, the Class Administrator shall issue Settlement Awards to each Settlement Class Member with a deliverable address under the terms of the Agreement.

16. The Court finds the more than 2,100 hours expended by Class Counsel in this litigation and Class Counsel's hourly rates ranging from $125 to $550 to be reasonable and approves payment of attorneys' fees and costs in the amount of $600,000. This amount reflects Class Counsel's reasonable lodestar. This amount shall be paid from the Settlement Fund pursuant to the terms of the Agreement. The Court finds this amount to be appropriate and reasonable in light of the work performed by Class Counsel and the excellent monetary and prospective relief obtained for the Settlement Class Members. In addition, the Court finds that the Agreement was negotiated at arm's length and without collusion.

17. The Court further grants Class Counsel's application for statutory damages and service awards for Class Representatives Adama Jammeh and Oumie Sallah in the amount of $5,000 each and for Class Representative Cynthia Quintero in the amount of $2,000. The Court finds these amounts to be reasonable in light of the service performed by the Class Representatives. This amount shall be paid from the Settlement Fund in accordance with the terms of the Agreement.

18. Neither this Final Approval Order nor the Agreement is an admission or concession by Defendants or any of the other Released Parties of the validity of any claims or of any liability or wrongdoing or of any violation of law. Neither this Final Approval Order nor the Agreement, nor any related document, proceeding, or action, nor any reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative proceeding, other than proceedings that may be necessary to enforce the Settlement and the Releases granted in the Settlement and this Final Approval Order.

[PROPOSED] FINAL APPROVAL ORDER - 7
CASE NO. 2:19-CV-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

19. Upon the Effective Date, the Class Representatives and each Settlement Class Member will be deemed to have completely released and forever discharged the Released Parties from the Released Claims. Released Claims means any and all claims of liability whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, that were brought or that could have been brought in the Action as of the date this Agreement is executed, relating to Move-Out Charges or procedures, Defendant HNN's collection or retention of a security deposit, claims under RCW 59.18.260 and RCW 59.18.280, forfeiture of a security deposit, imposition of Move-Out Charges, CDR's debt collection efforts related to Class Members and their HNN Accounts, and/or payments to Defendants of any amount above the Move-Out Charges reflected on the final move-out statement issued to a Settlement Class Member by HNN, including, but not limited to, claims based on a violation of the CAA, FDCPA, RLTA, CPA, and any other statutory or common law claim. This release does not extend to any defenses or counterclaims Settlement Class Members may have to the amount of any Move-Out Charges Defendants may seek to collect in a lawsuit, or any claims, defenses, or counterclaims Settlement Class Members may have relating to wrongful eviction.

20. Representative Plaintiffs and all Settlement Class Members are deemed to have agreed and covenanted, not to sue any Released Party with respect to any of the Released Claims, or otherwise to assist others in doing so, and are forever barred from doing so, in any court of law or equity, or any other forum.

21. The Court retains jurisdiction to consider all further matters arising out of or connected with the settlement, including the implementation and enforcement of the Agreement.

22. The Court finds that no justifiable reason exists for delaying entry of this Final Approval Order and, good cause appearing, it is expressly directed that this Final Approval

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

Order and a separate Judgment be entered as final and appealable and the case dismissed with prejudice.

IT IS SO ORDERED.

DATED this 9th day of June, 2021.

_____
JAMES L. ROBART
United States District Judge

[PROPOSED] FINAL APPROVAL ORDER - 9
CASE NO. 2:19-CV-00620-JLR

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com