1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10    ADAMA JAMMEH, et al.,                    CASE NO. C19-0620JLR

11                            Plaintiffs,      ORDER GRANTING KIANNA
                                               HALL'S MOTION FOR AN
              v.                               EXTENSION OF TIME TO OPT
12                                             OUT
      HNN ASSOCIATES, LLC, et al.,
13
                              Defendants.
14

15                    **I.    INTRODUCTION**

16          Before the court is Class Member Kianna Hall's motion for an extension of time to

17    opt out of the class action settlement in this matter.  (Mot. (Dkt. # 137); *see also* Reply

18    (Dkt. # 141).)  Defendants HNN Associates, LLC ("HNN"), and Gateway, LLC

19    ("Gateway") (collectively, "Defendants") oppose Ms. Hall's motion.  (Resp. (Dkt.

20    # 140).)  The court has considered the motion, all submissions filed in support of and in

21    opposition to the motion, the relevant portions of the record, and the applicable law.

22

ORDER - 1

1  Being fully advised,[1] the court GRANTS Ms. Hall's motion for an extension of time to

2  opt out of the class settlement, accepts her request to opt out, and excludes her from the

3  settlement classes set forth in the court's final approval order.

4  ## II.    BACKGROUND

5      This matter is a class action lawsuit against HNN, Gateway, Columbia Debt

6  Recovery, LLC, d/b/a Genesis Credit Management, LLC ("CDR"), and CDR's principal,

7  William Wojdak.  (*See generally* SAC (Dkt. # 19).)  Relevant to the instant motion,

8  Plaintiffs Adama Jammeh, Oumie Sallah, and Cynthia Quintero (collectively,

9  "Plaintiffs") allege that that HNN violated the Residential Landlord-Tenant Act, RCW

10 59.18, *et seq.*, by collecting security deposits without providing complete move-in

11 checklists and failing to provide statements within 21 days following move-out

12 containing HNN's "full and specific" basis for retaining tenants' security deposits.  (*See*

13 *generally* SAC.)  Plaintiffs further allege that HNN forfeited tenant security deposits in

14 violation of the Washington Consumer Protection Act, RCW 19.86, *et seq.*  (*See*

15 *generally id.*)

16      On November 13, 2020, the parties notified the court that they had reached an

17 agreement to settle the case on a classwide basis.  (11/13/20 Not. (Dkt. # 114).)  On

18 February 4, 2021, the court granted the parties' motion for preliminary approval of a class

19 action settlement and set a schedule for providing notice to the class.  (2/4/21 Order (Dkt.

20

21      [1] No party has requested oral argument (*see* Mot. at 1; Resp. at 1), and the court finds oral
    argument unnecessary to its disposition of the motion.  *See* Local Rules W.D. Wash. LCR
22  7(b)(4).

1   # 120).)  Pursuant to the order granting preliminary approval, the deadline for class

2   members to opt out of the class action settlement was May 7, 2021.  (*Id.* ¶ 8.)

3   　　　The opt-out provision in the Settlement Agreement provides as follows:

4   　　　Opt-Out Requirements.  Class Members may exclude themselves from the
　　　Settlement by advising the Class Administrator in writing no later than the
5   　　　Opt-Out Deadline that they do not want to be a Class Member.  All such
　　　writings must include the name and address of the individual opting out, and
6   　　　must be postmarked no later than the Opt-Out Deadline.  All Class Members
　　　will be bound by this Settlement and judgments of this Court in this Action
7   　　　unless they exclude themselves in writing by the Opt-Out Deadline.  Opt-
　　　Outs that are postmarked after the Opt-Out Deadline will be considered
8   　　　invalid and of no effect.

9   (Chandler MFPA Decl. (Dkt. # 117) ¶ 21, Ex. 1 ("Settlement Agreement") ¶ VIII.1.)  The

10  Settlement Agreement also provides that:

11  　　　Each person requesting exclusion from the Classes must personally sign his
　　　or her own individual Opt-Out.  No person may opt-out of the Classes for
12  　　　any other person, or be opted-out by any other person, and no person shall
　　　be deemed opted out of the Classes through any purported 'mass' or 'class'
13  　　　opt-outs.

14  (*Id.* ¶ VIII.3.)

15  　　　In a letter dated April 20, 2021, Ms. Hall's attorney, Joshua Turnham, submitted a

16  letter to the settlement administrator in which he purported to opt Ms. Hall out of the

17  settlement in this case.  (*See* HNN Resp. to Hall Opt-Out (Dkt. # 131) at 3.)  The letter

18  states that Ms. Hall sought to opt out of the settlement because she had filed a separate

19  lawsuit against HNN for similar claims in King County Superior Court.  (*Id.*)  The letter

20  was signed by Mr. Turnham and included only his law firm's address.  (*See id.*)  Contrary

21  to the instructions set forth in the Settlement Agreement, it did not include Ms. Hall's

22  address or signature.  (*See id.*)

ORDER - 3

1    On May 26, 2021, Plaintiffs filed an unopposed motion for final approval of the

2    class action settlement.  (MFA (Dkt. # 128).)  That same day, HNN filed a response to

3    Ms. Hall's purported opt-out letter in which it argued that the court should not accept the

4    opt-out because the letter did not meet the requirements set forth in the Settlement

5    Agreement.  (*See generally* HNN Resp. to Hall Opt-Out.)

6    On June 8, 2021—the day before the court's hearing on Plaintiffs' motion for final

7    approval—Plaintiffs' counsel filed a supplemental submission attaching a letter that Mr.

8    Turnham had forwarded to her via email earlier that day.  (Supp. Sub. (Dkt. # 132); *see*

9    *also* Letter (Dkt. # 132-1).)  The letter, which purported to be an amended opt-out

10   request, was dated May 4, 2021; included Ms. Hall's current address; and appeared to be

11   electronically signed by Ms. Hall on May 28, 2021.  (*See* Letter.)

12   On June 9, 2021, the court granted Plaintiffs' motion for final approval of the class

13   action settlement and entered judgment.  (6/9/21 Order (Dkt. # 134); Judgment (Dkt.

14   # 135).)  The court, however, denied Ms. Hall's request to opt out of the settlement.  (*See*

15   6/9/21 Order ¶ 12.)  The court found that (1) the original opt-out request was invalid

16   because it did not include Ms. Hall's address or signature and therefore did not comply

17   with the requirements for exclusion set forth in the Settlement Agreement and (2) the

18   amended request submitted to the court by Plaintiffs' counsel was untimely.[2]  (*See id.*)

19

20

21   _____

     [2] The court also noted during the final approval hearing that it could not ascertain

22   whether the amended letter was authentic or whether it had been submitted to the settlement
     administrator.

1    On June 17, 2021, Ms. Hall filed the instant motion for an extension of time to opt

2    out of the class settlement.  (*See* Mot.)  Mr. Turnham states that Ms. Hall filed her action

3    against her landlord and HNN in King County Superior Court in October 2020.  (*See*

4    Turnham Decl. (Dkt. # 139) ¶ 2; *see also id.* Ex. 1 (Am. Compl., *Hall v. Kitts Corner,*

5    *LLC*, No. 20-2-15958 (King Cnty. Super.) (filed Oct. 29, 2020)).)  After he submitted Ms.

6    Hall's initial opt-out letter on April 20, 2021, he learned that Ms. Hall's address and

7    signature were required on the opt-out letter.  (*Id.* ¶ 3.)  Mr. Turnham's co-counsel,

8    Arthur Lansing, sent Ms. Hall a revised letter to sign electronically.  (*Id.*)  Ms. Hall

9    viewed the letter online on May 4, 2021, but did not sign it.  (*Id.*)  Mr. Turnham

10   repeatedly attempted to contact Ms. Hall "via every contact method [he] had available,"

11   but did not hear from Ms. Hall until around May 29, 2021, when he learned that she had

12   electronically signed the letter.  (*Id.*; *see also id.* Ex. 2 (May 4, 2021 opt-out letter).)  Mr.

13   Turnham further notes that the postcard and long-form notices to class members and the

14   settlement website do not state that the class member's signature is required on a request

15   to opt-out of the class settlement.  (Reply at 4-5 (quoting Settlement Agreement Ex. A

16   (postcard notice) and Ex. B (long-form notice)).)

17   Ms. Hall states that she opened the revised letter on her phone on May 4, 2021,

18   and thought that she had "completed everything in order to e-sign it and return it to [her]

19   attorney."  (Hall Decl. (Dkt. # 138) ¶ 3.)  On May 5, 2021, Ms. Hall's purse was either

20   lost or stolen.  (*Id.* ¶ 4.)  Ms. Hall's cell phone, which was the only means Ms. Hall had

21   to use the internet and access her email, was in the lost or stolen purse.  (*Id.*)  After she

22   obtained a new cell phone, she found that she was locked out of her email.  (*Id.*)  She

1   states that it took several weeks for her to regain access to her email account.  (*Id.*)  On

2   May 28, 2021, when she was again able to log in to her email, she learned that her

3   attorney had not received her electronic signature on the revised opt-out letter.  (*Id.*)  She

4   immediately "re-did the e-signature" and notified her attorney.  (*Id.*)  At that time, she

5   learned that she had missed several calls and text messages from her attorney while she

6   did not have access to her cell phone.  (*Id.*)  She asserts that if she had known that her

7   May 4, 2021 attempt to electronically sign the opt-out letter was unsuccessful, she would

8   have acted more quickly to ensure that "the court was able to consider [her] request to opt

9   out."  (*Id.*)

### III.   ANALYSIS

11       Federal Rule of Civil Procedure 6(b)(1)(B) provides that "[w]hen an act may or

12   must be done within a specified time, the court may, for good cause, extend the time . . .

13   on motion made after the time has expired if the party failed to act because of excusable

14   neglect."  Fed. R. Civ. P. 6(b)(1)(B).  The "excusable neglect" standard "allows courts,

15   'where appropriate, to accept late filings caused by inadvertence, mistake, or

16   carelessness, as well as by intervening circumstances beyond the party's control.'"  *In re*

17   *Charles Schwab Corp. Sec. Litig.*, No. C 08-01510 WHA, 2010 WL 2178937, at *1

18   (N.D. Cal. May 27, 2010) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd.*

19   *P'ship,* 507 U.S. 380, 388 (1993)).  Courts should also "consider the danger of prejudice

20   to the opposing party, and whether the movant acted in good faith."  *Id.* (citing *Pioneer*

21   *Inv. Serv. Co.,* 507 U.S. at 395).  In the context of a late-filed opt-out from a class action

22

settlement, the Ninth Circuit has instructed district courts to consider the following "excusable neglect" factors:

> The degree of compliance with the best practicable notice procedures; when notice was actually received and if not timely received, why not; what caused the delay, and whose responsibility was it; how quickly the belated opt-out request was made once notice was received; how many class members want to opt out; and whether allowing a belated opt out would affect either the settlement or finality of the judgment.

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.*, 895 F.3d 597, 618 (9th Cir. 2018) (quoting *Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994)).

Ms. Hall asks the court to find that her failure to submit a timely and compliant opt-out request was due to excusable neglect. (*See generally Mot.*) She contends that her April 20, 2021 opt-out letter provided the settlement administrator with actual notice of her intent to opt out, and that she and her attorney were diligent in attempting to address the deficiencies in the letter as soon as they learned that the opt-out would not be accepted. (*See id.*) She asserts, however, that their attempts were foiled by events out of their control: her mistaken belief that she had electronically signed the revised letter on May 4, 2021; the theft or loss of her cell phone, which was her only means of accessing her email; and the lengthy process she underwent to replace her cell phone and regain access to her email and messages from her attorney. (*See id.*) Defendants, however, contend that Ms. Hall's delay in submitting a timely opt-out was not excusable because she and her attorney had timely notice of the correct process for opting out and their failure to comply with that process was a problem of their own making. (Resp. at 6-7.)

Having considered the factors set forth in *In re Volkswagen*, 895 F.3d at 618, and being mindful of the Supreme Court's instruction that district courts may "accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control," *Pioneer Inv. Serv. Co.*, 507 U.S. at 388, the court concludes that Ms. Hall's late submission of a compliant opt-out request was due to excusable neglect. Ms. Hall and her attorneys promptly and in good faith attempted to submit an amended opt-out letter within the opt-out timeframe when counsel learned that the original request was invalid. This attempt failed only due to the loss or theft of Ms. Hall's purse and cell phone. When Ms. Hall regained access to her email and learned that her attempt to sign the amended letter on May 4, 2021, had failed, she promptly signed and returned the amended letter.

Furthermore, acceptance of Ms. Hall's opt-out request will not unduly prejudice Defendants. Defendants were aware of Ms. Hall's intent to opt out and her attempt to file an amended opt-out request before the final approval hearing (*see* HNN Resp. to Hall Opt-Out; Supp. Sub.), and Ms. Hall moved for an extension of the opt-out deadline just eight days after the final approval hearing (*see* Mot.). Therefore, the court GRANTS Ms. Hall's motion for an extension of the deadline to submit her request to opt out of the class settlement in this matter, accepts her request to opt out, and excludes her from the settlement classes set forth in the court's final approval order.

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Ms. Hall's motion for an extension of time to opt out of the class settlement in this matter (Dkt. # 137). Ms. Hall is therefore

1   excluded from the settlement classes and is not bound by the court's order granting

2   Plaintiffs' motion for final approval of the class settlement (Dkt. # 134).

3        Dated this 7th day of July, 2021.

4

5

6   JAMES L. ROBART
    United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

ORDER - 9